(December 19, 1996)

■ OCTAVIO N. RODRIGUEZ, Plaintiff, v METROPOLITAN LIFE INSURANCE Co., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. OGDEN ALLIED ABATEMENT AND DECONTAMINATION SERVICES, INC., Third-Party Defendant-Respondent; A.K.S. CONTRACTORS, Third-Party Defendant-Appellant. (And Second Third-Party and Fourth-Party Actions.) [651 NYS2d 475] —Judgment, Supreme Court, New York County (Walter Schackman, J.), entered August 30, 1995, which, *inter alia*, directed third-party defendant A.K.S. Contractors to indemnify defendants Metropolitan Life Insurance Co. (Met Life) and Ogden Allied Abatement and Decontamination Services, Inc. under a theory of common-law indemnification, unanimously modified, on the law, to the extent of vacating the awards with respect to $39,261.36 and $39,531.30 in attorneys' fees incurred by Ogden and Met Life and remanding the matter for a hearing to determine the appropriate amount of legal fees incurred by Ogden and Met Life, and otherwise affirmed, without costs.

A.K.S.'s contention that principles of common-law indemnity are not applicable in the absence of a showing of negligence on its part is without merit. A subcontractor may be obligated to indemnify under the common law upon proof that its actual negligence caused an accident, but it can also be held liable where it "had the authority to direct, supervise and control the work giving rise to the injury" (*Terranova v City of New York*, 197 AD2d 402). Here, there is no dispute that A.K.S. was the only entity that supervised and controlled the reinsulation work that gave rise to plaintiff's injury, caused by a fall from a ladder.

A.K.S. complains that "there was no proof that the ladder was defective, improperly positioned, or otherwise unsuited for the task being performed by plaintiff." It is true that the precise cause of the collapse of the ladder is not known.

However, the evidence clearly showed that the provision of equipment and supervision of the work were the responsibility of A.K.S., and plaintiff's testimony that safety devices had not been provided to him at the time in question is uncontroverted. Since neither Met Life nor Ogden exercised control over the reinsulation work by the A.K.S. workers, their "right to indemnification from the entity [A.K.S.] that did exercise control over the work is clear" (*Guillory v Nautilus Real Estate*, 208 AD2d 336, 339, *appeal dismissed and lv denied* 86 NY2d 881).

However, a hearing is required to determine the amounts of legal fees that A.K.S. must reimburse. Contrary to the position taken by Met Life, A.K.S. did raise the issue of whether the legal fee amounts requested represented the actual expenses incurred in defending against this action. Judgment should not have been entered simply for the amounts requested by Met Life and Ogden, given that A.K.S. disputed their accuracy and reasonably expected a hearing on this matter to be held (*see, Kumble v Windsor Plaza Co.*, 128 AD2d 425, *lv dismissed* 70 NY2d 693).

Motion denied insofar as leave to appeal to the Court of Appeals is sought, and granted insofar as amendment is sought, and this Court's unpublished decision and order entered on October 8, 1996 is recalled and vacated and a new decision and order is decided and issued simultaneously herewith. Concur—Murphy, P. J., Sullivan, Rubin, Ross and Nardelli, JJ.