JAMES HERNANDEZ et al., Respondents, v Two EAST END AVENUE APARTMENT CORPORATION, Appellant, MARIANO CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. LETTIRE CONSTRUCTION CORP., Third-Party Defendant-Respondent. [706 NYS2d 710] —In an action to recover damages for personal injuries, etc., the defendants Two East End Avenue Apartment Corporation and Mariano Construction Corporation appeal from a judgment of the Supreme Court, Kings County (Vaughan, J.), entered January 8, 1998, which, upon a jury verdict, *inter alia,* finding that the third-party defendant was not at fault and awarding the plaintiff James Hernandez damages in the sum of $753,716.41 and awarding the plaintiff Ann Hernandez damages in the sum of $46,818.62, is in favor of the plaintiffs and against them.

Ordered that the judgment is reversed, on the law, and a new trial is granted on the issue of the third-party defendant's liability, with costs to abide the event; and it is further,

Ordered that the jury's findings of fact as to damages are affirmed.

The plaintiffs brought the instant action to recover damages for injuries James Hernandez sustained when he fell from a ladder in the course of his employment by the third-party defendant Lettire Construction Corp. (hereinafter Lettire). The appellant Two East End Avenue Apartment Corporation, the owner of the premises where the plaintiff was injured, and the appellant Mariano Construction Corp., the general contractor for the work being done on the premises, sought indemnification from Lettire.

The Supreme Court granted the plaintiffs' motion for summary judgment against the appellants on the issue of liability pursuant to Labor Law § 240 (1). A trial ensued to determine

the liability of Lettire. The Supreme Court refused the appellants' request to charge the jury that even if Lettire was not negligent it could be required to indemnify the appellants if it directed, supervised, and controlled the injured plaintiff's work. The jury found that Lettire was negligent, but that its negligence was not a substantial factor in bringing about the accident. We reverse and grant a new trial on the issue of Lettire's liability.

"A subcontractor may be obligated to indemnify under the common law upon proof that its actual negligence caused an accident, but it can also be held liable where it 'had the authority to direct, supervise and control the work giving rise to the injury'" (*Rodriguez v Metropolitan Life Ins. Co.*, 234 AD2d 156, quoting *Terranova v City of New York*, 197 AD2d 402). The court erred in denying the appellants' request to charge the jury regarding Lettire's potential liability for its supervision and control of the plaintiff, its employee.

The jury's award of damages, however, did not deviate materially from what would be reasonable compensation (*see*, CPLR 5501 [c]). Accordingly, the jury's findings of fact as to damages are affirmed.

The appellants' remaining contentions are without merit. Bracken, J. P., Ritter, Altman and McGinity, JJ., concur.