[953 NE2d 794, 929 NYS2d 556]

JOHN McCARTHY et al., Plaintiffs, v TURNER CONSTRUCTION, INC., Defendant, JOHN GALLIN & SON, INC., Respondent, and BOSTON PROPERTIES, INC., et al., Appellants. (And Other Actions.)

Argued June 1, 2011; decided June 28, 2011

**POINTS OF COUNSEL**

*Carol R. Finocchio*, New York City and *Marie R. Hodukavich*, for appellants. I. Boston Properties, Inc. and Time Square Tower Associates, LLC are entitled to common-law indemnification from John Gallin & Son, Inc., the general contractor who assumed overall responsibility for the project, including supervision and control of the work and safety of persons working on the project. (*McDermott v City of New York*, 50 NY2d 211; *Rosado v Proctor & Schwartz*, 66 NY2d 21; *Service Sign Erectors Co. v Allied Outdoor Adv.*, 175 AD2d 761; *City of New York v Lead Indus. Assn.*, 222 AD2d 119; *Glaser v Fortunoff of Westbury Corp.*, 71 NY2d 643; *Raquet v Braun*, 90 NY2d 177; *17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.*, 259 AD2d 75; *Colyer v K Mart Corp.*, 273 AD2d 809; *Felker v Corning Inc.*, 90 NY2d 219; *Gillmore v Duke/Fluor Daniel*, 221 AD2d 938.) II. As a matter of sound public policy, this Court should hold that common-law indemnification may be granted upon a showing that the indemnitor either was actually negligent or

that it had the authority to direct, control or supervise the injury-producing work. (*Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.*, 35 NY2d 1; *Godoy v Abamaster of Miami*, 302 AD2d 57.) III. Even if this Court holds that the standard for common-law indemnification requires actual direction, control and supervision over plaintiff's work, Boston Properties, Inc. and Time Square Tower Associates, LLC are still entitled to common-law indemnification from John Gallin & Son, Inc. (*Chapel v Mitchell*, 84 NY2d 345.)

*Malapero & Prisco, LLP*, New York City (*Andrew L. Klauber* and *Frank J. Lombardo* of counsel), and *Farber Brocks & Zane L.L.P.*, Mineola (*Sherri N. Pavloff* of counsel), for respondent. I. Defendants-appellants are not entitled to common-law indemnification. (*D'Ambrosio v City of New York*, 55 NY2d 454; *Chapel v Mitchell*, 84 NY2d 345; *Mas v Two Bridges Assoc.*, 75 NY2d 680; *Board of Mgrs. of Riverview at Coll. Point Condominium III v Schorr Bros. Dev. Corp.*, 182 AD2d 664; *Port Chester Elec. Constr. Corp. v Atlas*, 40 NY2d 652; *Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.*, 35 NY2d 1; *Raquet v Braun*, 90 NY2d 177; *Landgraff v 1579 Bronx Riv. Ave., LLC*, 18 AD3d 385; *Farduchi v United Artists Theatre Circuit, Inc.*, 23 AD3d 613; *Delaney v Spiegel Assoc.*, 225 AD2d 1102.) II. Defendants-appellants' common-law indemnification motion was untimely as a matter of law. (*Brill v City of New York*, 2 NY3d 648; *Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725; *Filannino v Triborough Bridge & Tunnel Auth.*, 34 AD3d 280.) III. The doctrines of law of the case and collateral estoppel preclude defendants-appellants from relitigating the issues raised on this appeal. (*Briggs v Chapman*, 53 AD3d 900; *Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 40 AD3d 1177; *Webster v Ragona*, 51 AD3d 1128; *Beneke v Town of Santa Clara*, 45 AD3d 1164, 10 NY3d 706; *Brownrigg v New York City Hous. Auth.*, 29 AD3d 721; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449; *Lodal, Inc. v Home Ins. Co.*, 309 AD2d 634; *Fish v Vanderlip*, 218 NY 29; *O'Brien v City of Syracuse*, 54 NY2d 353; *Ryan v New York Tel. Co.*, 62 NY2d 494.)

**OPINION OF THE COURT**

JONES, J.

The issue before the Court is whether defendant property owners Boston Properties, Inc. and Times Square Tower Associates, LLC (the property owners) are entitled to common-law indemnification from defendant general contractor John Gallin

& Son, Inc. (Gallin). For the reasons that follow, we hold they are not.

The property owners leased a retail storefront located at 7 Times Square Tower (the premises) to nonparty Ann Taylor, Inc. By agreement dated December 20, 2004, Ann Taylor, Inc. engaged Gallin, as construction manager, to build out its space. Pursuant to the agreement, Gallin was required to "supervise and direct the Work, using [its] best skill and attention[, and] be solely responsible for and have control over construction means, methods, techniques, sequences and procedures for coordinating all portions of the Work under the Contract." The agreement further stated that Gallin was required to take reasonable safety precautions to protect the workers from injury. The name of the construction project was "Ann Taylor 7 Times Square."

Pursuant to a purchase order dated December 29, 2004, Gallin engaged Linear Technologies, Inc. (Linear) as its subcontractor to install telephone and data cables. About two weeks later, Linear, by purchase order, hired Samuels Datacom, LLC (Samuels) as its subcontractor to perform the actual cable installation for the project. Plaintiff, an electrician, was an employee of Samuels.

On March 2, 2005, plaintiff, while working on the project site, was injured when he fell from an A-frame ladder. Plaintiff, and his wife derivatively (collectively, plaintiff), brought a personal injury action against Turner Construction, Inc., Gallin and the property owners, asserting claims under Labor Law §§ 200, 240 (1) and § 241 (6) and common-law negligence.[1] In their answer, the property owners asserted cross claims for contribution and common-law indemnification, contractual indemnification and breach of contract against Gallin. Subsequently, Gallin impleaded Linear, and Linear impleaded Samuels. After the completion of discovery and the filing of the note of issue, motions and cross motions for summary judgment were brought regarding, inter alia, the parties' Labor Law § 240 (1) liability and the property owners' contractual indemnification claim against Gallin.

Supreme Court granted plaintiff summary judgment on his Labor Law § 240 (1) claim, finding that the property owners *and* Gallin were vicariously liable for plaintiff's injuries under

---

1. By stipulation dated November 30, 2005, the action against Turner Construction, Inc. was discontinued.

the statute.[2] Further, the court denied that portion of the property owners' cross motion for summary judgment seeking contractual indemnification against Gallin, finding that there was no contract between the property owners and Gallin, and that the property owners were not third-party beneficiaries of the agreement between Ann Taylor, Inc. and Gallin such that they could avail themselves of any contractual indemnification claim that might be owed by Gallin.[3] In addition, the court found and held that

> "the record contains no evidence of Gallin's negligence. Although Gallin interacted with Linear, Gallin had no supervisory authority over Samuel[s]'s work. [Further, Robert] Kondracki[—Gallin's vice-president and project manager—]stated that Gallin would not have directed [plaintiff] how to perform his work, and [that] Gallin did not provide any tools or ladders to the subcontractors who worked at the [project] site." (2007 NY Slip Op 31325[U], *14-15.)

The defendants eventually settled plaintiff's claims for $1.6 million, with the property owners contributing $800,000 and Gallin contributing $800,000.

Relying primarily on the agreement between Ann Taylor, Inc. and Gallin, the property owners then moved for judgment on their cross claim for common-law indemnification against Gallin. Supreme Court denied the motion and dismissed the property owners' claim, concluding they failed to establish that Gallin "had direct control over the work giving rise to the injury" (i.e., plaintiff's work) (24 Misc 3d 1245[A], 2009 NY Slip Op 51889[U], *5). The Appellate Division affirmed, stating "Gallin neither was negligent nor directly supervised and controlled plaintiff's work" (72 AD3d 539 [1st Dept 2010] [citation omitted]).

The Appellate Division, First Department, granted the property owners leave to appeal and certified the following question to the Court: "Was the order of the Supreme Court, as affirmed by this Court, properly made?" We now affirm the order of the Appellate Division, and answer the certified question in the affirmative.

---

2. Summary judgment, dismissing so much of plaintiff's complaint as alleged violations of Labor Law §§ 200 and 241 (6) and common-law negligence, was granted in the property owners' favor.

3. No claim for contractual indemnification is before us.

The property owners argue they are entitled to common-law indemnification, whether or not Gallin directly supervised and controlled plaintiff's work, since Gallin, by virtue of its agreement with Ann Taylor, Inc., contractually assumed sole responsibility and control of the entire project, and had the contractual authority to (1) direct, supervise and control the means and methods of plaintiff's work, and (2) institute safety precautions to protect the workers. Based on this authority, the property owners argue, only Gallin was in the position to take any steps to protect plaintiff and prevent the accident. The property owners thus request that this Court adopt the following general rule: a party may be liable for common-law indemnification upon a showing that the party (i.e., the proposed indemnitor) either was actually negligent *or* had the authority to direct, control or supervise the injury-producing work, even if it did not exercise that authority. In essence, the property owners are equating a party with mere authority to direct, control or supervise with a party who is actively at fault in bringing about the injury suffered by the plaintiff.

We reject the property owners' arguments and their proposed articulation of the applicable rule because under their rule, every party engaged as a general contractor or construction manager, whether by the owner or not, would owe a common-law duty to indemnify the owner regardless of whether such party was actively at fault in bringing about the injury. This proposed rule is not consistent with the equitable purpose underlying common-law indemnification.

Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 512-513 [1991]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 [1993]; *Felker v Corning Inc.*, 90 NY2d 219, 223-224 [1997]). However, Labor Law § 240 (1)—which holds owners and general contractors absolutely liable for any breach of the statute even if "the job was performed by an independent contractor over which [they] exercised no supervision or control" (*Rocovich*, 78 NY2d at 513)—does not obviate the right of an owner or general contractor, who is only vicariously liable by statute, to seek "full indemnification from the party wholly responsible for the accident" (*Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.*, 35 NY2d 1, 6 [1974]).

A party's right to indemnification may arise from a contract or may be implied "based upon the law's notion of what is fair

and proper as between the parties" (*Mas v Two Bridges Assoc.*, 75 NY2d 680, 690 [1990]). "Implied[, or common-law,] indemnity is a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment of one party at the expense of the other" (*id.*, citing *McDermott v City of New York*, 50 NY2d 211, 216-217 [1980]; *see also Rosado v Proctor & Schwartz*, 66 NY2d 21, 24 [1985] [indemnity may be implied "to prevent a result which is regarded as unjust or unsatisfactory" and "is frequently employed in favor of one who is vicariously liable for the tort of another" (internal quotation marks and citations omitted)]). Common-law indemnification is generally available "in favor of one who is held responsible solely by operation of law because of his relation to the actual wrongdoer" (*Mas*, 75 NY2d at 690; *see D'Ambrosio v City of New York*, 55 NY2d 454, 460 [1982]).

Consistent with the equitable underpinnings of common-law indemnification, our case law imposes indemnification obligations upon those actively at fault in bringing about the injury, and thus reflects an inherent fairness as to which party should be held liable for indemnity (*see e.g. Rogers v Dorchester Assoc.*, 32 NY2d 553 [1973]; *Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.*, 35 NY2d 1 [1974]; *Felker v Corning Inc.*, 90 NY2d 219 [1997]). The *Rogers* Court concluded that common-law indemnification was available to the owner and manager of an apartment building, held statutorily liable under Multiple Dwelling Law § 78—which imposes a nondelegable duty on owners to maintain their premises in a reasonably safe condition—for plaintiff's injuries resulting from an elevator accident, against Otis Elevator Company because Otis, under a maintenance contract, assumed "the exclusive duty to maintain the elevators" and "the owner and manager had the right . . . to look to Otis to perform their entire duty to plaintiff" (*Rogers*, 32 NY2d at 563; *see Mas*, 75 NY2d 680 [same]). In *Kelly*, the Court held that a general contractor was entitled to full indemnity from subcontractor hoist company whose negligence was the sole cause of plaintiff's (who was subcontractor's employee) accident. Although the general contractor "undertook to furnish, maintain and operate the hoist," it, through various subcontracts, delegated responsibility for supply and maintenance of the hoist "particularly its brakes and other safety devices" to the hoist company, which inspected the equipment before and after installation (*Kelly*, 35 NY2d at 4-5). *Felker* involved a plaintiff who was injured when he fell over an eight-foot alcove

wall and through a suspended ceiling to the floor nine feet below. This Court held that the general contractor was entitled to common-law indemnification from the subcontractor (plaintiff's employer) notwithstanding the absence of a showing of negligence on the part of the subcontractor and the existence of a contractual agreement to indemnify the general contractor only if the subcontractor is negligent (*see Felker*, 90 NY2d at 226). The Court based its holding on the fact the subcontractor supervised and controlled the work of the injured plaintiff (*id.*).

Although our case law imposes the duty to indemnify on those parties who actually supervised and controlled the injury-producing work, some of the Appellate Division decisions have reached different conclusions regarding what sort of showing must be made to establish a claim for common-law indemnification where the proposed indemnitor is not actually negligent in causing the injury. A number of decisions have suggested that a party may be obligated to indemnify under the common law solely on the basis of that party's authority to supervise the work at a site (*see e.g. Rodriguez v Metropolitan Life Ins. Co.*, 234 AD2d 156, 156 [1st Dept 1996] [held that the subcontractor was obligated to indemnify defendants (owner and general contractor); the court stated, "A subcontractor may be obligated to indemnify under the common law upon proof that its actual negligence caused an accident, but it can also be held liable where it 'had the authority to direct, supervise and control the work giving rise to the injury' " (234 AD2d at 156, quoting *Terranova v City of New York*, 197 AD2d 402, 402 [1st Dept 1993])]; *Hernandez v Two E. End Ave. Apt. Corp.*, 271 AD2d 570, 571 [2d Dept 2000] [*Hernandez I*] [court repeats the rule that a subcontractor may be liable for common-law indemnification based on its "authority to direct, supervise and control the work giving rise to the injury" (quoting *Rodriguez*, 234 AD2d at 156)]; *Hernandez v Two E. End Ave. Apt. Corp.*, 303 AD2d 556, 557 [2d Dept 2003] [same as *Hernandez I*; summary judgment on owner's common-law indemnification claim precluded because material issue of fact existed as to whether the injured plaintiff's employer was only the entity with the authority to direct, supervise, and control work giving rise to plaintiff's injury]).

In addition, there are cases that support the view that an entity may be liable for common-law indemnification on the basis of its authority, by virtue of a contractual duty, to supervise the work (*see e.g. Ortega v Catamount Constr. Corp.*, 264 AD2d

323 [1st Dept 1999]). In *Ortega*, the court found a common-law indemnity obligation where the proposed indemnitee, the property owner, "did not exercise any actual control or supervision over the work" because the owner had "hired [the construction manager] to exercise such control and supervision" (264 AD2d at 324). The *Ortega* decision specifically refers to "the absence of any evidence of the construction manager's direct supervision of the work in which plaintiff was engaged" (*id.*).

On the other hand, a number of cases have held that common-law indemnity is available against the party that *"actually* supervised, directed and controlled the work that caused the injuries" (*Keck v Board of Trustees of Corning Community Coll.*, 229 AD2d 1016, 1017 [4th Dept 1996] [emphasis added]; *see Landgraff v 1579 Bronx Riv. Ave., LLC*, 18 AD3d 385 [1st Dept 2005] [In this Labor Law § 240 (1) action, the building owner brought a third-party claim for common-law indemnification against a building tenant. The court held that owner was not entitled to indemnification from tenant, noting that tenant was not an active tortfeasor and did not exercise any actual control or supervision of the injury-producing work]). In further support of the view that there must be *actual* supervision over the injury-producing work, the Second Department, in *Perri v Gilbert Johnson Enters., Ltd.* (14 AD3d 681 [2d Dept 2005]), spoke of common-law indemnification being available against a party that "exclusively supervised and controlled plaintiff's work site" (14 AD3d at 685).

To be sure, there are cases that appear to stand for the proposition that contractual authority to supervise, direct and control, standing alone, is enough to hold a party liable for indemnity under the common law. However, these cases do not adequately address the question whether a party who is contractually responsible for supervision at a work site is liable in indemnity even if there is a showing that another party, with authority, engaged in actual supervision of the injury-producing work at the site. Moreover, a close examination of a preponderance of the case law reveals that in spite of the different articulations of the applicable standard, the Appellate Division departments have usually, consistent with the equitable principles of common-law indemnification and this Court's teachings, imposed the obligation to indemnify on parties who were actively at fault in bringing about the injury.

Based on the foregoing, a party cannot obtain common-law indemnification unless it has been held to be vicariously liable

without proof of any negligence or actual supervision on its own part. But a party's (e.g., a general contractor's) authority to supervise the work and implement safety procedures is not alone a sufficient basis for requiring common-law indemnification. Liability for indemnification may only be imposed against those parties (i.e., indemnitors) who exercise actual supervision (*see Felker*, 90 NY2d at 226; *see also Colyer v K Mart Corp.*, 273 AD2d 809, 810 [4th Dept 2000] [for standard]). Thus, if a party with contractual authority to direct and supervise the work at a job site never exercises that authority because it subcontracted its contractual duties to an entity that actually directed and supervised the work, a common-law indemnification claim will not lie against that party on the basis of its contractual authority alone.

Here, Gallin and nonparty Ann Taylor, Inc., not the property owners, entered an agreement under which Gallin was Ann Taylor, Inc.'s general contractor/construction manager. Further, Gallin engaged a subcontractor (Linear), which, in turn, engaged its own subcontractor (Samuels), the entity which employed plaintiff. Although the agreement, inter alia, required Gallin to supervise and direct the work at the premises owned by the property owners, this fact alone was insufficient to establish that Gallin actually supervised or directed the injured plaintiff's work, especially in light of the fact that Gallin contracted the work that resulted in plaintiff's injury out to a subcontractor, and Supreme Court's findings that Gallin (1) had no supervisory authority over Samuels's (plaintiff's employer's) work, (2) would not have directed plaintiff as to how to perform his work, and (3) did not provide any tools or ladders to the subcontractors who worked at the site.

Because it did not actually supervise and/or direct the injured plaintiff's work, Gallin is not required to indemnify the property owners under the common law. Indeed, the property owners' vicarious liability (under Labor Law § 240 [1]) may not be passed through to Gallin, the nonnegligent, vicariously liable general contractor with whom they did not contract. This result is consistent with the law's notion of what is fair and proper as between Gallin and the property owners (*see Mas*, 75 NY2d at 690).

Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed, etc.