Lagares v Carrier Term. Servs., Inc. (2022 NY Slip Op 02729)

Lagares v Carrier Term. Servs., Inc.

2022 NY Slip Op 02729

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.

1051 CA 21-00719

[*1]JOSE M. LAGARES AND CARMEN J. RAMOS, PLAINTIFFS,
v
CARRIER TERMINAL SERVICES, INC., AND SPEED MOTOR EXPRESS OF WESTERN NEW YORK, INC., DOING BUSINESS AS SPEED GLOBAL SERVICES, DEFENDANTS.
CARRIER TERMINAL SERVICES, INC., THIRD-PARTY PLAINTIFF-RESPONDENT, 
v
SAHLEM'S ROOFING AND SIDING, INC., THIRD-PARTY DEFENDANT-APPELLANT. 
SPEED MOTOR EXPRESS OF WESTERN NEW YORK, INC., DOING BUSINESS AS SPEED GLOBAL SERVICES, THIRD-PARTY PLAINTIFF-RESPONDENT,
v
SAHLEM'S ROOFING AND SIDING, INC., THIRD-PARTY DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

BAXTER SMITH & SHAPIRO, P.C., HICKSVILLE (ROBERT C. BAXTER OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT. 
SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT CARRIER TERMINAL SERVICES, INC. 
CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (THOMAS P. KAWALEC OF COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT SPEED MOTOR EXPRESS OF WESTERN NEW YORK, INC., DOING BUSINESS AS SPEED GLOBAL SERVICES.

 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered December 24, 2020. The order granted the motion of third-party defendant insofar as it sought leave to reargue, and upon reargument, adhered to the prior determination in an order and judgment entered October 29, 2020. 
It is hereby ORDERED that the order so appealed from is modified on the law by amending the order and judgment entered October 29, 2020 by adding to the first decretal paragraph immediately after the words "any judgment the plaintiffs ultimately obtain against Carrier" the following: "that is satisfied by Carrier" and adding to the third decretal paragraph immediately after the words "any judgment the plaintiffs ultimately obtain against Speed" the following: "that is satisfied by Speed" and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries allegedly sustained by Jose M. Lagares (plaintiff) when, while he was replacing the roof of a building owned by defendant-third-party plaintiff Carrier Terminal [*2]Services, Inc. (Carrier), the piece of metal decking on which he was standing slipped off of its steel support beam, causing him to fall to the floor below. Defendant-third-party plaintiff Speed Motor Express of Western New York, Inc., doing business as Speed Global Services (Speed Motor), was allegedly acting as an agent of Carrier with respect to the roof replacement. Plaintiff was an employee of third-party defendant Sahlem's Roofing and Siding, Inc. (Sahlem). After this Court affirmed an order that, inter alia, granted plaintiffs' motion for partial summary judgment on the issue of Carrier's liability under Labor Law § 240 (1) (Lagares v Carrier Term. Servs., Inc., 177 AD3d 1394 [4th Dept 2019]), Carrier moved for summary judgment on its claim for common-law indemnification against Sahlem and dismissing Sahlem's counterclaim and cross claim against it. Speed Motor moved for summary judgment on its claim for common-law indemnification against Sahlem and dismissing plaintiffs' second amended complaint and all cross claims and counterclaims against it, and plaintiffs cross-moved for partial summary judgment on the issue of Speed Motor's liability under Labor Law § 240 (1).
In appeal No. 1, Sahlem appeals from an order and judgment entered October 29, 2020 that granted plaintiffs' cross motion and Carrier's motion, and granted those parts of Speed Motor's motion seeking summary judgment on the issue of common-law indemnification against Sahlem and dismissing Sahlem's counterclaim and cross claim against it. In appeal No. 2, Sahlem appeals from an order entered December 24, 2020 in which Supreme Court granted Sahlem's motion for leave to reargue the order and judgment in appeal No. 1 and, upon reargument, adhered to its prior determination.
At the outset, we note that appeal No. 1 must be dismissed inasmuch as the order and judgment appealed from was superseded by the order in appeal No. 2 (see Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985, 985 [4th Dept 1990]). Contrary to the contentions of Carrier and Speed Motor, Sahlem did not abandon its appeal from the order in appeal No. 2. Sahlem timely filed a notice of appeal from that order and timely perfected the appeal by filing an appellate brief under the appropriate docket number and, because the order in appeal No. 2 superseded the order and judgment in appeal No. 1, Sahlem's challenges to the court's determinations with respect to the summary judgment motions of Carrier and Speed Motor are properly raised under appeal No. 2 (see generally id.). Indeed, although Sahlem's appellate brief does not explicitly challenge the order in appeal No. 2, Sahlem is not aggrieved by the part of the order that granted Sahlem leave to reargue (see generally Edgar S. v Roman, 115 AD3d 931, 931-932 [2d Dept 2014]), but Sahlem is aggrieved by the court's determination to adhere to the ruling in the prior order and judgment. Thus, in appeal No. 2, Sahlem appropriately challenges the court's determinations with respect to the summary judgment motions of Carrier and Speed Motor. Under these circumstances, a determination that Sahlem abandoned its appeal from the order in appeal No. 2 would be "the result of an overly strict reading of [Sahlem's] brief" (Carlson v Porter, 53 AD3d 1129, 1133 [4th Dept 2008], lv denied 11 NY3d 708 [2008]; cf. Indus PVR LLC v MAA-Sharda, Inc., 140 AD3d 1666, 1667 [4th Dept 2016], lv dismissed in part and denied in part 28 NY3d 1059 [2016]).
In appeal No. 2, we reject Sahlem's contention that the court erred in granting the motions of Carrier and Speed Motor with respect to their claims against Sahlem for common-law indemnification. Plaintiffs obtained partial summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action against Carrier, as a property owner, and against Speed Motor, as Carrier's agent. Section 240 (1) holds owners and their agents "absolutely liable for any breach of that statute even if 'the job was performed by an independent contractor over which [they] exercised no supervision or control' " (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374 [2011], quoting Rocovich v Consolidated Edison Co., 78 NY2d 509, 513 [1991]; see Rauls v DirectTV, Inc., 113 AD3d 1097, 1098 [4th Dept 2014]). However, "[i]t is well settled that an owner who is only vicariously liable under the Labor Law may obtain full indemnification from the party wholly at fault" (Chapel v Mitchell, 84 NY2d 345, 347 [1994]). " '[A] party cannot obtain common-law indemnification unless it has been held to be vicariously liable without proof of any negligence or actual supervision on its own part' " (McKay v Weeden, 148 AD3d 1718, 1721 [4th Dept 2017], quoting McCarthy, 17 NY3d at 377-378). Thus, "the one seeking indemnity must not only prove that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident" (Grove v Cornell Univ., 151 AD3d 1813, 1816 [4th Dept 2017] [internal quotation marks omitted]; see Provens v Ben-Fall Dev., [*3]LLC, 163 AD3d 1496, 1499 [4th Dept 2018]). "The obligation of common-law indemnification runs against parties who, by virtue of their direction and supervision over the injury-producing work, were actively at fault in bringing about the injury" (Colyer v K Mart Corp., 273 AD2d 809, 810 [4th Dept 2000]; see generally Felker v Corning Inc., 90 NY2d 219, 226 [1997]).
Contrary to Sahlem's contention, both Carrier and Speed Motor established that they did not create or have notice of the dangerous condition. Carrier established that it purchased the building in 2004 and that it had not replaced the roof prior to the injury-producing work. Further, although Speed Motor employees had repaired the roof approximately 10 times by patching "open seams" to prevent small leaks, the director of maintenance for Speed Motor testified that none of Speed Motor's employees replaced the decking. Additionally, Sahlem's own employees testified that the patch work completed by Speed Motor employees did not affect Sahlem's work during the roof replacement and was unrelated to the cause of plaintiff's accident. As one employee testified at his deposition, by the time the decking was exposed, the roof, and any patches that Speed Motor had applied to the roof, had already been removed. Thus, Carrier and Speed Motor established that they did not create the dangerous condition (cf. Morris v Home Depot USA, 152 AD3d 669, 673 [2d Dept 2017]), and Sahlem failed to raise a question of fact (see generally Krajnik v Forbes Homes, Inc., 120 AD3d 902, 904-905 [4th Dept 2014]).
With respect to notice, Carrier and Speed Motor provided the deposition transcripts of Sahlem's employees, who testified that it was impossible to see the condition of the metal decking until the existing roof was removed. Thus, Carrier and Speed Motor established that they did not have actual or constructive notice of the dangerous condition (see Robles v 635 Owner, LLC, 192 AD3d 604, 605 [1st Dept 2021]; cf. Giglio v St. Joseph Intercommunity Hosp., 309 AD2d 1266, 1268 [4th Dept 2003]), and Sahlem failed to raise a question of fact.
We reject Sahlem's contention that Carrier and Speed Motor failed to establish that Sahlem was either negligent or failed to properly supervise plaintiff. Common-law indemnification may be imposed "against those parties (i.e., indemnitors) who exercise[d] actual supervision" over the injury causing work (McCarthy, 17 NY3d at 378; see Foots v Consolidated Bldg. Contrs., Inc., 119 AD3d 1324, 1327 [4th Dept 2014]). Here, Carrier and Speed Motor established that Sahlem exercised actual supervision over the injury causing work, and Sahlem failed to raise a question of fact (see generally Foots, 119 AD3d at 1327).
Finally, to the extent that the October 29, 2020 order and judgment may be read as requiring Sahlem to reimburse Carrier or Speed Motor for a judgment obtained by plaintiffs but not actually paid by either Carrier or Speed Motor, we agree with Sahlem that "the court should have conditioned summary judgment on common-law indemnification on the payment of a judgment by the parties seeking indemnification" (Gillmore v Duke/Fluor Daniel, 221 AD2d 938, 940-941 [4th Dept 1995]). We therefore modify the order in appeal No. 2 accordingly.
All concur except Carni, J., who is not participating.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court