Nieznalski v Rockledge Scaffold Corp. (2022 NY Slip Op 03452)





Nieznalski v Rockledge Scaffold Corp.


2022 NY Slip Op 03452


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Pitt, JJ. 


Index No. 154469/12, 595873/16, 595571/19 Appeal No. 16028 Case No. 2021-02127 

[*1]Rafal Nieznalski et al., Plaintiffs,
v
Rockledge Scaffold Corp., Defendant-Respondent, Houston Place Condominium, et al., Defendants.
Rockledge Scaffold Corp., Third-Party Plaintiff-Respondent, Basonas Construction Corp., Third-Party Plaintiff,
v
Consolidated Scaffold & Bridge Corp., Third-Party Defendant-Appellant, Consolidated Scaffolding, Inc., Third-Party Defendant.
Houston Place Condominium, et al., Second Third-Party Plaintiffs,
v
Rockledge Scaffold Corp., Second Third-Party Defendant-Respondent, Consolidated Scaffold & Bridge Corp., Second Third-Party Defendant-Appellant.


Cascone & Kluepfel, LLP, Farmingdale (Howard B. Altman of counsel), for appellant.
Wade Clark Mulcahy LLP, New York (Georgia G. Coats of counsel), for respondent.



Order, Supreme Court, New York County (Laurence L. Love, J.), entered on or about May 6, 2021, which, to the extent appealed from as limited by the briefs, granted defendants Houston Place Condominium Board of Managers of Houston Place Condominium (the Board), Basonas Construction Corp. (Basonas), and Rockledge Scaffold Corp. (Rockledge) summary judgment on their common-law indemnification claims against Consolidated Scaffold & Bridge Corp. (Consolidated) and granted Rockledge summary judgment on its contractual indemnification claim against Consolidated, unanimously affirmed, without costs.
The motion court properly determined that the Board, Basonas, and Rockledge established, as a matter of law, that they were not negligent and that Consolidated was negligent. Contrary to Consolidated's contention, plaintiffs' complaint sufficiently alleged that the Board, Basonas, and Rockledge were vicariously liable for Consolidated's actions. Accordingly, summary judgment was properly granted to the Board, Basonas, and Rockledge on their common-law indemnification claims against Consolidated (see generally McCarthy v Turner Constr., Inc., 17 NY3d 369, 377-378
[2011]). In light of the foregoing, Consolidated articulates no persuasive basis to disturb the grant of summary judgment to Rockledge on its contractual indemnification claim against Consolidated.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022