**Rodriguez v Paramount Fee, L.P.**

2024 NY Slip Op 34465(U)

December 23, 2024

Supreme Court, New York County

Docket Number: Index No. 151934/2017

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. LISA S. HEADLEY**　　　　　　　PART　　　　　　28M

*Justice*

-----------------------------------------------------------------------------X

RODOLFO RODRIGUEZ,

　　　　　　　　　　　Plaintiff,

- v -

PARAMOUNT FEE, L.P., PARAMOUNT LEASEHOLD, L.P., D3 LED, LLC,LEVIN MANAGEMENT CORP., WILLOW RUN FOODS, INC.,DALE J. KARPEL,

　　　　　　　　　　　Defendant.

-----------------------------------------------------------------------------X

PARAMOUNT FEE, L.P., PARAMOUNT LEASEHOLD, L.P., LEVIN MANAGEMENT CORP.

　　　　　　　　　　　Plaintiff,

　　　　　　　-against-

MILLENNIUM RESTORATION CORP.

　　　　　　　　　　　Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151934/2017 |
| MOTION DATE | 08/13/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595579/2017

The following e-filed documents, listed by NYSCEF document number (Motion 001) 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 126, 127, 130, 134, 139, 142, 146, 147, 148, 149, 150, 151, 152

were read on this motion to/for 　　　　　　　　JUDGMENT - SUMMARY　　　　　　.

## I. Background

In this personal injury action, plaintiff, Rodolfo Rodriguez ("Plaintiff"), alleges that on August 22, 2016, while he was performing construction work at the subject premises, located at 1501 Broadway, New York, New York ("the Premises"), he sustained serious and permanent injuries.

### A. The Parties

The plaintiff, Rodriguez Rodolfo, was employed by third-party defendant, Millenium Restoration Corporation ("Millenium") as a laborer. On February 28, 2017, the plaintiff commenced this action against defendants, Paramount Fee L.P. ("Paramount Fee"); Paramount Leasehold L.P. ("Paramount Leasehold"); D3 LED LLC ("D3 LED"); Levin Management Corp ("Levin"); Willow Run Foods ("Willow Run "); and Dale J. Karpel ("Karpel"). Thereafter, on July 20, 2017, Defendants/Third-Party Plaintiffs, Paramount Fee, Paramount Leasehold and Levin,

[* 1]

(collectively, Third-Party Plaintiffs"), commenced a third-party action against, third-party defendant, Millenium Restoration Corp. ("Millenium" or "Third-Party Defendant").

Defendant Paramount Fee is the owner of the Premises and leased the Premises pursuant to a ground lease. Defendant D3 LED LLC ("D3 LED") was purportedly retained by co-Defendants to provide work, labor and/ or services at the Premises. Defendant Levin is a property management company to properties and buildings owned by Paramount Fee, and was allegedly retained to provide work, labor and/or services at the Premises. Defendant Willow Run owned and operated the truck bearing New York license Plate Number 1342C0, which was the vehicle that was allegedly involved in the accident that occurred on August 22, 2016. Plaintiff alleges that defendant Karpel operated the truck that was involved in the accident.

### B. The Complaint and the Third-Party Complaint

In the Complaint, plaintiff alleges that Millenium hired him to perform services related to various renovation projects at the Premises. The Plaintiff alleges that the defendants violated the Labor Law of the State of New York, the Industrial Code of the State of New York, and the provisions of the Occupational Safety and Health Administration as they pertain to construction work sites. (*See, NYSCEF Doc. No.1*). The Plaintiff claims that he was performing probing work and standing inside a lift boom basket when he was struck by a tractor-trailer driven by Defendant Karpel and then was stuck between the basket and the wall. As a result of the accident, the Plaintiff claims he sustained injuries to his right arm.

In the third-party complaint, the Third-Party Plaintiffs Paramount Fee, Paramount Leasehold and Levin allege that they had a "hold harmless/ indemnification agreement" with the third-party defendant, Millenium. (*See*, *Third Party Complaint, NYSEF Doc. No. 22*). Therefore, third-party plaintiffs contend that Millenium agreed to indemnify, defend, and hold harmless the owner and other parties from accidents related to the work performed at the Premises pursuant to the "Indemnification/ Hold Harmless" clause in the Master Service Agreement between Millenium and James Coffey. (*See, Exhibit J, NYSCEF Doc. No.74*).

### II. The Defendants Paramount Fee and Levin's Summary Judgment Motion (Seq. No. 001)

In Motion Sequence Number 001, defendants, Paramount Fee and Levin, seek an Order granting them summary judgment, pursuant to *CPLR §3212(1)*, and dismissing the plaintiff's complaint as against said defendants. Defendants seek an Order granting summary judgment in favor of Paramount Fee on its Third-Party claim against Millenium for contractual indemnity and for breach of contract for failure to procure insurance. Defendants also seek an Order granting summary judgment in favor of Paramount Fee and Levin on their crossclaims against co-defendants, Willow Run and Karpel for common-law indemnity. *(See, NYSCEF Doc. No. 61-86).*

Plaintiff, Rodriguez Roldofo, and co-Defendants, Paramount Leasehold, Millenium, Willow Run and Karpel all filed opposition to the motion. The movant-defendants filed reply papers. *(See, NYSCEF Doc Nos. 146 and 147).*

At the court conference hold on August 13, 2024, the plaintiff withdrew the *Labor Law §§200* and *240* claims asserted in the Complaint. In addition, plaintiff withdrew its claims against

**151934/2017   RODRIGUEZ, RODOLFO vs. PARAMOUNT FEE, L.P.**                   **Page 2 of 8**
  **Motion No.  001**

2 of 8

[* 2]

Levin. Therefore, the remaining issues to determine in the instant motion are whether the plaintiff has a *Labor Law §241(6)* claim against defendant, Paramount Fee, or whether the defendants motion for summary judgment dismissing the *Labor Law §241(6)* claim should be granted, as well as whether there is an enforceable contractual indemnification clause as to Millenium, Willow Run and/or driver, defendant Karpel.

In support of the motion, defendant Paramount Fee submitted, *inter alia*, the Statement of Material Facts (*NYSCEF Doc. No. 62*), the affirmation of Louis A. Carotenuto, Esq., (*NYSCEF Doc. No. 63*), the Master Provider Agreement, dated July 28, 2016, (*NYSCEF Doc. No. 74 and 75),* the transcript of plaintiff's deposition (*NYSCEF Doc. No 79*), the deposition transcript of Millenium's supervisor Hector Palacios (*NYSCEF Doc. No 81*), the transcript of defendant Karpel's deposition (*NYSCEF Doc. No 82*), and the deposition transcript of Cody Dayo, who was a witness working for Willow Run. (*NYSCEF Doc. No 83*).

The defendant Paramount Fee, the owner of the premises, contends that the Plaintiff worked for the Third-Party defendant, Millennium, who was allegedly hired by the management company of the Premises and non-party, Newmark Family Properties, LLC ("Newmark"). Paramount Fee argues that Millenium was responsible for cutting holes in the façade of the building so that another contractor could install the LED signage, and Millenium brought a "boom lift," which can be described as an ariel work platform. At the time of the incident, it is alleged that the boom lift was placed by Millenium employees, on the right lane on 43rd Street, New York, New York, and adjacent to the Paramount building, and the employees placed caution tape around its perimeter. Paramount Fee alleges that the Plaintiff and two other Millenium workers entered the lift to ascend to the second-floor level, while the foreman, Hector Palacios, remained on the ground, and the Plaintiff and his colleagues worked while vehicular traffic continued to flow. Paramount Fee then contends that co-Defendant, Karpel, was driving a Willow Run Foods delivery tractor trailer truck and took a right turn from 7th Avenue onto 43rd Street, New York, New York, while the boom lift was "located between 30 and 300 feet beyond the intersection." (*See, NYSCEF Doc. No. 63 at paragraph 10-15*). While passing the boom lift, defendant Karpel allegedly struck the arm of the lift trailer, which the Plaintiff was standing on, and the impact caused the Plaintiff to drop the jackhammer, the basket moved laterally into the façade, pinching the Plaintiff's right hand in the process, and causing the Plaintiff's injury. *(See, NYSCEF Doc. No. 92, 40:11-42:9).*

In opposition, the Plaintiff argues, *inter alia*, that the owner, general contractor and their agents bear the responsibility for safety practices under *Labor Law §241(6)*, which are non-delegable duties. The Plaintiff contends that the boom lift involved in the incident extended beyond the barriers, and vehicular traffic was not properly diverted, which resulted in the subject accident and the plaintiff's injuries. (*See, NYSCEF Doc. No. 139*).

In reply, the movant-defendant argues that Paramount Fee did not hire Millenium to perform work, and thus, had no role in directing its employees. The movant-defendant alleges that the Plaintiff's injury was caused by an improper placement of road barriers, therefore, *Labor Law §241(6)* and *Industrial Code Rule § 23-1.29(a)* would not apply. (*See, NYSCEF Doc. No. 146).*

151934/2017   RODRIGUEZ, RODOLFO vs. PARAMOUNT FEE, L.P.          Page 3 of 8
Motion No.  001

3 of 8

[* 3]

"[T]he proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such *prima facie* showing requires denial of the motion, regardless of sufficiency of the opposing paper." *Alvarez v. Prospect Hosp.,* 68 N.Y.2d 320 (1986). Under *CPLR §3212*, "[o]n a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party. *See, CPLR §3212.* Summary judgment is a drastic remedy, to be granted only where the moving party has rendered sufficient evidence to demonstrate the absence of any material issues of fact and then only if, upon the moving party's meeting of this burden, the non-moving party fails to establish the existence of material issues of fact which require a trial of the action." *Vega v. Restani Constr. Corp.,* 18 N.Y.3d 499, 503 (2012) [internal citation and quotation marks omitted].

Moreover, *Labor Law §241(6)* requires owners and contractors to provide reasonable and adequate protection and safety for construction workers. *Labor Law §241(6)*; *see e.g.*, *Gervasi v. FSP 787 Seventh LLC*, 228 A.D.3d 459 (1st Dep't 2024). Specifically, the statute "imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed." *Ochoa v. JEM Real Estate Co., LLC*, 223 A.D.3d 747, 749 (2d Dep't 2024). The Plaintiff also asserts applicability of *New York State Industrial Code § 23-1.29(a)*, which states in relevant part:

(a) Whenever any construction, demolition or excavation work is being performed over, on or in close proximity to a street, road, highway or any other location where public vehicular traffic may be hazardous to the persons performing such work, such work area shall be so fenced or barricaded as to direct such public vehicular traffic away from such area, or such traffic shall be controlled by designated persons.

*New York State Industrial Code § 23-1.29(a).*

Here, the Court finds that there are issues of fact as to the cause of the accident and potential industrial code violations, including whether defendant Karpel hit the boom lift directly, whether the portion of the arm was extended beyond the street barrier, and whether there were barriers and caution tape around its perimeter to warn drivers and pedestrians. Specifically, Paramount Fee maintains it owns the premises, nonetheless, Paramount Fee argues that Plaintiff's injury was not caused by any New York Labor code violation, and plaintiff was not struck by defendant Karpel's vehicle. However, Paramount Fee argues that the plaintiff was injured by indirect result of events after defendant Karpel struck the equipment that extended outside the worksite. Mr. Palacios, of Millenium, testified that its employees positioned the lift in the rightmost lane of the 43rd Street, and they placed barriers and caution tape around its perimeter as a warning to drivers and pedestrians. (*NYSCEF Doc. No. 81*).

There are also issues of fact as to how the plaintiff, defendant Karpel, and the witness Dayo testified how the accident occurred. In his deposition testimony, Dayo testified that he was a passenger in the tractor-trailer that defendant Karpel was operating at the time of the accident.

151934/2017   RODRIGUEZ, RODOLFO vs. PARAMOUNT FEE, L.P.
Motion No.  001

Page 4 of 8

Dayo testified that he noticed the lift when they were turning onto 43rd Street, and verbally warned defendant Karpel of the lift ahead. (*NYSCEF Doc. No. 83 at 28:2 -12*). Defendant Karpel testified that he reported to the police that the boom lift came into contact his truck because the boom lift rotated as he was passing it, and he admitted in the deposition that he never actually saw this occur. (*NYSCEF Doc. No. 82 at 100:12 – 101; 102:3).* Defendant Karpel also testified that the lighting in the area was "definitely adequate" due to the illumination from Times Square. (*NYSCEF Doc. No. 82 at 34:5-16*). Defendant Karpel testified that he allegedly struck the arm of the lift with his trailer when passing the boom lift, and that a portion of the arm extended beyond the barrier in the street into his lane of travel. (*Id*). However, the plaintiff testified that at the time of the accident, he was standing in the lift basket using his jackhammer to drill on the building façade, so the basket was not moving. (*NYSCEF Doc. No. 79*). Dayo testified that he never saw the boom lift move before the impact. (*NYSCEF Doc. No. 83).*Thus, the portion of defendant Paramount Fee's motion for summary judgment, pursuant to *CPLR §3212*, to dismiss, the *Labor Law 241(6)* claim in the Complaint must be denied.

### III. Paramount Fee's Motion for Summary Judgment against Millenium for Indemnity and Breach of Contract Claims

In the motion, the defendant/Third-Party Plaintiff, Paramount Fee, also seeks an Order for summary judgment, pursuant to *CPLR §3212*, against Millenium, based on contractual indemnity and Millenium's failure to procure insurance. The movant argues that the indemnification applies since Paramount Fee is the Owner of the premises, and according to the Master Provider Agreement, the "Provider, shall defend indemnify and hold harmless Owner." (*See, Exhibit J, NYSCEF Doc. No. 74.* In the Affirmation in Support of Motion (*See, NYSCEF Doc. No. 63*), the movant's counsel contends that there was a Master Provider Agreement, dated July 28, 2016, signed by the President of Millenium, and by a James Coffey, the Senior Vice President of the non-party, Newman Family Properties). The indemnification clause states in its entirety as follows:

(A)(1) INDEMNIFICATION/ HOLD HARMLESS

To the fullest extent permitted by law, **Provider, shall defend indemnify and hold harmless Owner**, any Fee Owner of the realty and/ or improvements upon the realty of the building, Managing Agent and their respective directors, shareholders, partners, officers, members, affiliates, subsidiaries, managers, employees, companies, corporation partnerships, limited partnerships, limited liability partnerships, limited liability companies, firms, trusts, trustees, successors, assigns, mortgagees and/ or designees, including but not limited to those listed on the Exhibit A (collectively, Newmark Family Properties, LLC"), **from and against any and all claims, demands, suits, actions, proceedings, liabilities, judgements, awards, losses, damages, costs and expenses, including reasonable attorneys' fees and expenses, on account of bodily or personal injury, sickness, disease, or death sustained by any person or persons, or injury or damage to or destruction of any property,**

**151934/2017   RODRIGUEZ, RODOLFO vs. PARAMOUNT FEE, L.P.**
**Motion No.  001**

**Page 5 of 8**

**including, without limitation, loss of use thereof, directly or indirectly arising out of or in connection with or relating to acts or omissions in connection with or pursuant to this Agreement**, **Provider shall and does hereby assume and agrees to pay for the defense of all such claims, demands, suits and proceedings.** If any such suit, action or proceedings is brought against the Newmark Family Properties, LLC (Exhibit A) entities, Provider, upon notice from Newmark Family Properties, LLC (Exhibit A), shall, at Provider's sole expense, resist or defend such suit, action, or proceedings by counsel reasonably acceptable to the Newmark Family Properties, LLC (Exhibit A) entities. If for any reason any part of this indemnification shall be in contravention of any statute, ordinance, regulation or rule, or any decision of any court or adjudicatory body, then this indemnification shall survive to the fullest extent permitted thereby.

The obligations of Provider under this Section (1) shall not be limited in any way by any limitation on or specification of any insurance proceeds or coverage.

(*See, NYSCEF Doc. No. 74*) [Emphasis added].

In opposition, defendant, Paramount Leasehold and Third-party Defendant, Millenium, argue that while the Agreement was between Newmark, a non-party, and Millenium, it does not cover Paramount Fee. Defendants, Paramount Leasehold and Millenium also argue that Paramount Fee, the movant, has failed to offer adequate evidence of being the Fee Owner of the premises and therefore, has failed to establish that Millenium was obligated pursuant to the Agreement to procure insurance. (*See, NYSCEF Doc. No. 134*).

To the contrary, Paramount Fee submits the affirmation of Hou Chiu, the authorized representative of Paramount Fee. (*See, NYSCEF Doc. No. 84*). Hou Chiu attests that Paramount Fee owned the land at 1501 Broadway, and that Paramount Fee was not involved with any work that "Millenium may have been performing on the Paramount building on or around the date of the Plaintiff's accident." Hou Chiu further attests that Paramount Fee did not control or supervise any of Millenium's work in any way. (*Id*). To demonstrate its ownership, Paramount Fee submitted the deed from Automated City Register Information System (ACRIS) for the subject premises, 1501 Broadway, New York, New York. (*See, Exhibits W & X, NYSCEF Doc. Nos. 151 & 152*). Upon review of the exhibits, and the affidavits submitted, this Court finds that Paramount Fee has submitted sufficient proof of ownership of 1501 Broadway, New York, New York. As such, this Court finds that there is no dispute that Paramount Fee owns the Premises.

However, there are issues of fact that would preclude summary judgment, including as to whether the master agreement, and the indemnification clause are applicable to Paramount Fee because on its face it appears that Paramount Fee is not a party to the Master Provider Agreement. The agreement was executed by the President of Millenium, and by a James Coffey, the Senior Vice President of the non-party, Newman Family Properties. Accordingly, the portion of

**151934/2017  RODRIGUEZ, RODOLFO vs. PARAMOUNT FEE, L.P.**            **Page 6 of 8**
**Motion No.  001**

6 of 8

[* 6]

Paramount Fee's summary judgment motion against Millenium, seeking contractual indemnity and breach of contract for Millenium's failure to procure insurance must be denied.

## IV. Paramount Fee's Motion for Summary Judgment against Co-Defendants, Willow Run and Karpel for Common-Law Indemnity

At the outset, this Court notes that the Plaintiff has withdrawn the *Labor Law §§200* and *240* claims as against Paramount Fee, only, and plaintiff has withdrawn all the claims asserted against Levin. (*See NYSCEF Doc. No. 139*). In the motion, Paramount Fee argues common-law indemnity applies in this case against co-defendants, Willow Run and driver, defendant Karpel. "The party held vicariously liable is entitled to be indemnified by the actual tortfeasor." *Trustees of Columbia Univ. v. Mitchell/Giurgola Assoc.*, 109 A.D.2d 449, 452 (1st Dep't 1985). Paramount Fee argues that "common-law indemnity is available to a party who, without actual fault or wrongdoing, has been held vicariously liable for a plaintiff's injuries as a result of another party's actual fault." *McCarthy v. Turner Constr., Inc.*, 17 N.Y.3d 369, 375 (2011); *Trump Vil. Section 3, Inc. v. New York State Hous. Fin. Agency*, 307 A.D.2d 891, 895-896 (1st Dept 2003).

Paramount Fee also contends that they did not hire Millenium and did not exercise any control over Millenium's work. (*See, NYSCEF Doc. No. 150*). Therefore, Paramount Fee cannot be held liable under *Labor Law §241(6).* Paramount Fee further contends that the defendants Willow Run, and driver Karpel caused the accident since the truck driven by defendant Karpel allegedly caused the plaintiff's injury, and therefore, Paramount Fee was not negligent, and any blame on Paramount Fee should be shifted to defendant Willow Run and the driver, defendant Karpel for actual negligence.

In opposition, the defendants argue that there are issues of fact regarding who is responsible for the accident. Co-defendants Willow Run and Karpel, argue that the accident was caused solely by Millenium for the failure to provide signs and a flagman at Broadway and West 43rd Street, where the accident occurred and where defendant Karpel was operating Willow Run's truck. In support, the co-defendants submit, *inter alia*, the expert affidavit of Mr. William J. Meyer, P.E., Engineering Consultant, who opined that "within a reasonable degree of engineering certainty that the subject…accident resulted solely from the improper actions on part of Millenium employees and had the involved boom lift been positioned such that it did not encroach upon the open travel lane of 43rd Street, the subject accident would have been avoided." (*See, Exhibit C, NYSCEF Doc. No.138*). The co-defendants argue that *Labor Law §241(6)* imposes a non-delegable duty on owners and contractors to provide reasonable and adequate protection as well as comply with the specific safety rules and regulations created by the Department of Labor. The co-defendants cite to *12 NYCRR 1.29(a) and (b),* which states:

> (b) Every designated person authorized to control public vehicular traffic shall be provided with a flag or paddle measuring not less than 18 inches in length and width. Such flag or paddle shall be colored fluorescent red or orange and shall be mounted on a suitable hand staff. Such designated person shall be stationed at a proper and reasonable distance from the work area and shall face approaching traffic. Such person shall be

**151934/2017   RODRIGUEZ, RODOLFO vs. PARAMOUNT FEE, L.P.**          **Page 7 of 8**
**Motion No.  001**

7 of 8

[* 7]

instructed to stop traffic, whenever necessary, by extending the traffic flag or paddle horizontally while facing the traffic. When traffic is to resume, such designated person shall lower the flag or paddle and signal with his free hand.

*12 NYCRR 1.29(a) and (b).*

Defendant Willow Run and Karpel also argue that there are also issues of fact regarding which party failed to exercise reasonable care, given that the boom lift that was carrying the plaintiff was sticking on to the middle street lane. (*See, NYSCEF Doc. No. 135*). Thus, the summary judgment motion must be denied.

This Court agrees. Even considering the arguments presented, the Court finds there are questions of fact with respect to both the role of Paramount Fee, and the actual cause of the accident. First to establish common-law indemnity, the movant must establish that "(a) the Movant was without actual fault or wrongdoing; and (b) that the Plaintiff's injury was caused by the wrongdoing of another party." *McCarthy v. Turner Constr., Inc.,* 17 N.Y.3d 369, 375 (2011), *supra*. Here, there are questions of fact as to whether Paramount Fee was at fault, or whether the defendant Millenium failed to adequately barricade the surrounding area of the work site, or whether the cause of the accident was solely the actions of defendants, driver Karpel and Willow Run for causing the truck to collide into the worksite. Therefore, defendant Paramount Fee has failed to establish a *prima facie* showing of summary judgment as a matter of law, under *CPLR §3212*, as against co-defendants Karpel and Willow Run for common-law indemnity. Accordingly, Paramount Fee's motion for summary judgment must be denied.

Accordingly, it is hereby

**ORDERED** that the motion for summary judgment filed by defendant Paramount Fee to dismiss the Complaint as against Paramount Fee is DENIED; and it is further

**ORDERED** that the portion of the motion seeking summary judgment based on contractual indemnity against defendant Millennium and for breach of contract due to Millenium's failure to procure insurance is DENIED; and it is further

**ORDERED** that the portion of the motion seeking summary judgment against co-defendants, Willow Run and Karpel for common-law indemnity is DENIED; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered.

This constitutes the Decision and Order of the Court.

**12/23/2024**
**DATE**

**LISA S. HEADLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151934/2017   RODRIGUEZ, RODOLFO vs. PARAMOUNT FEE, L.P.**                                   **Page 8 of 8**
**Motion No.  001**