This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------

No. 34
Spoleta Construction, LLC,
           Respondent,
        v.
Aspen Insurance UK Limited, &c.,
           Appellant,
1255 Portland, LLC, et al.,
           Defendants.


           Stephanie A. Nashban, for appellant.
           Janet P. Ford, for respondent.




MEMORANDUM:

           The order of the Appellate Division should be affirmed,

with costs, and the certified question answered in the

affirmative.

           Plaintiff Spoleta Construction seeks a declaration that

defendant Aspen Insurance UK Limited c/o Aspen Specialty

- 1 -

Insurance Management Company is obligated to defend and indemnify
Spoleta in a personal injury action commenced by an employee of
Spoleta's subcontractor, Hub-Langie Paving, Inc.  The subcontract
required that Spoleta be named as an additional insured on Hub-
Langie's commercial general liability insurance policy, and that
Hub-Langie defend and indemnify Spoleta for all claims of bodily
injury or physical injury to property arising out of Hub-Langie's
work.  Shortly after receiving notice of the injury to Hub-
Langie's employee, Spoleta's insurer sent a letter to Hub-Langie
about the claim, seeking the contact information for Hub-Langie's
insurer and its insurance policy number, stating that Hub-Langie
had agreed to defend and indemnify Spoleta and hold it harmless,
and requesting that Hub-Langie "place [its] insurance carrier on
notice of this claim so that they m[a]y do their own
investigation of this claim."  Hub-Langie's broker forwarded the
letter to Aspen -- as its insurer -- along with a general
liability notice of occurrence/claim form describing the
employee's injury.  Hub-Langie also sent a copy of the
subcontract at Aspen's request.

Approximately three months later, Hub-Langie's employee
commenced the underlying action against Spoleta and the property
owner, seeking to recover for his injuries.  Spoleta's counsel
notified Aspen thereof, by letter, and indicated that Spoleta had
not yet received a response to its previous request for defense
and indemnification.  This time, counsel expressly stated that

Hub-Langie was required to defend and indemnify Spoleta and name it as an additional insured, and included a certificate of insurance demonstrating that Spoleta was named as an additional insured on the policy that Aspen issued to Hub-Langie.  Aspen denied coverage due to late notice because, in its initial letter, Spoleta "framed" itself only as a claimant against Hub-Langie, not as an additional insured of Aspen, and coverage had been denied to Hub-Langie for unrelated reasons.

Spoleta then commenced this declaratory judgment action against Aspen, among others.  In lieu of answering, Aspen moved to dismiss the complaint based on documentary evidence pursuant to CPLR 3211 (a) (1).  Supreme Court granted the motion. However, on Spoleta's appeal, the Appellate Division reversed, holding that the documentary evidence proffered did not establish a defense to Spoleta's claim as a matter of law (119 AD3d 1391, 1394 [2014]).  The Appellate Division, therefore, denied Aspen's motion and reinstated the complaint against it (see id. at 1391). The court thereafter certified the following question:  "Was the order of this Court entered July 11, 2014, properly made?"

At the relevant time, "the rule in New York [was] that where a contract of primary insurance require[d] notice 'as soon as practicable' after an occurrence, the absence of timely notice of an occurrence [constituted] a failure to comply with a condition precedent which, as a matter of law, vitiate[d] the contract . . . [and] [n]o showing of prejudice [was] required"

(Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d 332, 339
[2005]). The Appellate Division, therefore, properly stated the
issue as whether Spoleta's initial letter -- forwarded to Aspen
by Hub-Langie's broker at Spoleta's request -- constituted notice
of an "occurrence" under the policy issued by Aspen. The
pertinent notice provision of the policy stated: "You must see
to it that [Aspen is] notified as soon as practicable of an
'occurrence' or an offense which may result in a claim." Notice
was to include, to the extent possible: "(1) How, when and where
the 'occurrence' or offense took place; (2) The names and
addresses of any injured persons and witnesses; and (3) The
nature and location of any injury or damage arising out of the
'occurrence' or offense."

　　　　We reject Aspen's argument that the documentary
evidence established as a matter of law that Spoleta did not
timely see to it that Aspen was notified of an occurrence. Aspen
claims that it interpreted Spoleta's initial letter as seeking
only a defense and indemnity from Hub-Langie pursuant to the
indemnification provision of the subcontract because Spoleta did
not expressly state that it was seeking coverage as an additional
insured. However, the letter itself did not identify the
indemnification provision of the subcontract as the basis for the
communication -- it simply requested a defense and indemnity
under the contract without specifically invoking either the
indemnification or additional insurance provisions. Moreover,

the letter requested that Hub-Langie "place [its] insurance carrier on notice of <u>this claim</u>" (emphasis added) and provided information about the identity of the injured employee, as well as the date, location and general nature of the accident.  That is, in addition to requesting that the insurer be put on notice, the letter provided the details that the policy required to be included by an insured in notice of an occurrence.

Under these circumstances, it cannot be said that the "documentary evidence submitted conclusively establishe[d] a defense to the asserted claims as a matter of law" (<u>Beal Sav. Bank v Sommer</u>, 8 NY3d 318, 324 [2007]; <u>see</u> <u>Leon v Martinez</u>, 84 NY2d 83, 88 [1994]).  Accordingly, the Appellate Division properly denied Aspen's motion and reinstated the complaint. Aspen's remaining arguments have been considered and determined to be lacking in merit.

* * * * * * * * * * * * * * * * *

Order affirmed, with costs, and certified question answered in the affirmative, in a memorandum.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided March 24, 2016