## Lara v Tutor Perini Corp.

2025 NY Slip Op 30046(U)

January 7, 2025

Supreme Court, New York County

Docket Number: Index No. 155971/2022

Judge: James d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 55

-----------------------------------------------------------------------X

HEATHER LARA,

                                Plaintiff,

                    - v -

TUTOR PERINI CORPORATION, TUTOR PERINI
BUILDING CORP., TUTOR PERINI CIVIL, FIVE STAR
ELECRIC CORP., WDF INC., FRONTIER-KEMPER
CONSTRUCTORS, INC., AECOM, URS CORPORATION-
NEW YORK,

                                Defendant.

-----------------------------------------------------------------------X

TUTOR PERINI CORPORATION, TUTOR PERINI BUILDING
CORP., TUTOR PERINI CIVIL, FIVE STAR ELECRIC CORP.,
WDF INC., URS CORPORATION-NEW YORK

                                Plaintiffs,

                    -against-

MEDCOR, INC.

                                Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155971/2022 |
| **MOTION DATE** | 05/29/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595298/2024

HON. JAMES D'AUGUSTE:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 38, 39, 40, 41, 42,
43, 44, 45, 46, 47, 48, 49

were read on this motion to/for _____DISMISS_____.

    In this action by first-party plaintiffs to recover for damages allegedly sustained by Heather Lara

("Lara" or "First-Party Plaintiff"), third-party defendant Medcor, Inc. ("Medcor", "Movant", or "Third-

Party Defendant") moves, pursuant to CPLR 3211(a)(1), (a)(3), and (a)(7) to dismiss the third-party

action filed against it by Tutor Perini Corporation, Tutor Perini Building Corp., Tutor Perini Civil, Five

Star Electric Corp., WDF Inc., AECOM, and URS Corporation-New York (collectively the "Tutor

Perini Defendants" or "Third-Party Plaintiffs"). Third-Party Defendant moves pursuant to Civil Practice

155971/2022  LARA, HEATHER vs. TUTOR PERINI CORPORATION ET AL
Motion No.  001

Page 1 of 18

Law and Rules ("CPLR") 3211(a)(1), (3), and (7). Third-Party Plaintiffs oppose the motion. For the reasons set forth herein, the defendants' motion is granted in part and denied in part.

On August 18, 2021, at approximately 9:45 P.M., Lara was allegedly injured in a slip-and-fall incident that occurred at or around an MTA East Side Access construction project located underground at or around 40 East 52nd Street in New York County (the "Project"). First-Party Plaintiff alleged that the Metropolitan Transportation Authority ("MTA") had contracted with one or more of the Tutor Perini Defendants to provide work, labor, services, and material at the Project, and that the Tutor Perini Defendants had in turn contracted with Plaintiff's employer, Medcor Inc. ("Medcor"), to provide various on-site medical services for that Project. First-Party Plaintiff alleged that she was injured while performing medical work, labor, and/or services at the Project pursuant to her employment with Medcor. The Tutor Perini Defendants collectively filed a Verified Answer to the Amended Complaint (NYSCEF Doc. No. 29) and subsequently filed a Third-Party Summons and Complaint against Medcor (NYSCEF Doc. No. 33).

In their Summons and Complaint against Medcor, Third-Party Plaintiffs alleged that the MTA had contracted with the various Tutor Perini Defendants to perform work as contractor(s), consultant(s), and subcontractor(s) at the Project prior to the date of First-Party Plaintiff's alleged accident. Third-Party Plaintiffs alleged that they were enrolled in the MTA's Owner Controlled Insurance Program (OCIP) through which the MTA furnished insurance coverage with respect to on-site activities for the Project. Third-Party Plaintiffs also produced a Vendor Agreement (hereinafter the "Agreement") purportedly between Medcor and another entity, Willis of New York, Inc. ("Willis"). NYSCEF Doc. No. 36. Willis is not a party to this action. Third-Party Plaintiffs alleged that Willis had contracted with Medcor on or before August 18, 2021, on behalf of the MTA for Medcor to provide certain occupational health services at the Project and to obtain insurance thereof pursuant to the OCIP. Third-Party Plaintiffs

155971/2022   LARA, HEATHER vs. TUTOR PERINI CORPORATION ET AL
Motion No. 001

Page 2 of 18

2 of 18

alleged that Medcor expressly contracted to defend, indemnify, and hold harmless the MTA and the Third-Party Plaintiffs against any and all claims, suits, damages, losses, or expenses from injuries occurring at the Project, including the First-Party Plaintiff's alleged injury. Third-Party Plaintiffs pled four causes of action against Medcor: (1) contractual indemnification, based on their interpretation of the Agreement; (2) contribution, for Medcor's proportional share of liability for Plaintiff's alleged injuries; (3) common law indemnification, to the extent that Plaintiff's injuries were caused by Medcor's own negligence, wrongful or culpable conduct, or acts and/or omissions; and (4) breach of contract, for Medcor's purported failure to obtain the insurance required by the Agreement, to name the Tutor Perini Defendants as additional insureds, and other alleged violations.

Medcor filed a pre-Answer Notice of Motion to Dismiss the Third-Party Complaint (NYSCEF Doc. No. 38) seeking dismissal of all claims with prejudice pursuant to CPLR 3211(a)(1), 3211(a)(3), and 3211(a)(7); for costs and sanctions against the Third-Party Plaintiffs for filing a frivolous and legally meritless litigation pursuant to 22 NYCRR 1301.1 and CPLR 8303-A; and for such other, further, and different relief as the Court deems just and proper. Movant also filed the following papers in support of this motion: a Memorandum of Law in Support (NYSCEF Doc. No. 39); an Affidavit by Medcor's Chief Operating Officer Bennet W. Petersen (NYSCEF Doc. No. 40); a functionally identical copy of the Agreement produced by the Third-Party Plaintiff (NYSCEF Doc. No. 41); a copy of Medcor's incident report concerning Plaintiff's alleged accident (NYSCEF Doc. No. 42); and an Attorney Affidavit in Support of their motion (NYSCEF Doc. No. 43). Defendants/Third-Party Plaintiffs subsequently filed an Affirmation in Opposition to Medcor's Motion (NYSCEF Doc. No. 47) and Medcor then filed an Affirmation in Reply on May 24, 2024 (NYSCEF Doc. No. 49).

CPLR 3211 provides, in relevant part, that "a party may move for judgment dismissing one or more causes of action asserted against him on the ground that: 1. A defense is founded upon

**155971/2022  LARA, HEATHER vs. TUTOR PERINI CORPORATION ET AL**
**Motion No. 001**

**Page 3 of 18**

documentary evidence; or … 2. The party asserting the cause of action has not legal capacity to sue; or … 7. the pleading fails to state a cause of action". "In the posture of [a] CPLR 3211 motion to dismiss, our task is to determine whether plaintiffs' pleadings state a cause of action. The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *511 West 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 151-52 (N.Y. 2002), *citing Polonetsky v. Better Homes Depot, Inc.*, 97 N.Y.2d 46, 55 (N.Y. 2001). On a motion to dismiss pursuant to any provision of CPLR § 3211, the court must accept all facts as alleged in the complaint as true and grant the plaintiff the benefit of every possible favorable inference, and limit itself to determine only whether the facts as alleged fit any cognizable legal theory. *Leon v. Martinez*, 84 N.Y.2d 83, 87-88 (N.Y. 1994); *see also Monroe v. Monroe*, 50 N.Y.2d 481, 484 (N.Y. 1980). Requests to deny a motion to dismiss in order to complete discovery and obtain sufficient evidence necessary to make specific factual allegations should be rejected by the Court. *See Chappo & Co. v. Ion Geophysical Corp.*, 83 A.D.3d 499, 500 (N.Y. App. Div. 1st Dept. 2011), *citing Devore v. Pfizer*, 58 A.D.3d 138, 144 (N.Y. App. Div. 1st Dept. 2008) ("Plaintiff's will not be allowed to use pretrial discovery as a fishing expedition when they cannot set forth a reliable factual basis for what amounts to, at best, mere suspicions").

To prevail on a motion to dismiss brought under CPLR § 3211(a)(1), the "documentary evidence submitted [must] conclusively establish[] a defense to the asserted claims as a matter of law." *Spoleta Consruction, LLC v. Aspen Insurance UK Ltd.*, 27 N.Y.3d 933, 935 (N.Y. 2016); *see also Beal Sav. Bank v. Sommer*, 8 N.Y.3d 318, 324 (N.Y. 2007) (affirming on appeal from the First Department); *Leon v. Martinez*, 84 N.Y.2d at 88; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 326 (N.Y. 2002). "A motion to dismiss pursuant to CPLR 3211(a)(1) will be granted only if the 'documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim'." *J.A. Lee*

155971/2022  LARA, HEATHER vs. TUTOR PERINI CORPORATION ET AL
Motion No. 001

Page 4 of 18

4 of 18

*Elec., Inc. v. City of N.Y.*, 990 N.Y.S.2d 223, 225 (N.Y. App. Div. 2nd Dept. 2014), *citing Fontanetta v. John Doe*, 73 A.D.3d 78, 83–84 (N.Y. App. Div. 2nd Dept. 2010) (quoting *Fortis Financial Services, LLC v. Fimat Futures USA, Inc.*, 290 A.D.2d 383 (N.Y. App. Div. 1st Dept. 2002). A plaintiff's bare-bones or conclusory allegations will not survive a motion to dismiss. *Farage v. Associated Ins. Mgmt. Corp.*, 2024 N.Y. Slip Op. 5875 (N.Y. 2024) (finding that plaintiff made "patently conclusory" allegations and failed to allege sufficient, specific facts to raise a question of fact sufficient to survive the motion to dismiss); *Hefter v. Elderserve Health, Inc.*, No. 2013-09706, 2 (N.Y. App. Div. 2nd Dept. 2015) ("Here, the plaintiff's bare and conclusory allegation in the complaint … which was unsupported by any detail allegations … is insufficient").

"To qualify as 'documentary,' the paper's content must be "'essentially undeniable and ..., assuming the verity of [the paper] and the validity of its execution, will itself support the ground on which the motion is based. (Neither the affidavit nor the deposition can ordinarily qualify under such a test)". *Amsterdam Hospitality Group, LLC v. Marshall-Alan Associates, Inc.*, 992 N.Y.S.2d 2, 4 (N.Y. App. Div. 1st Dept. 2014) (quoting David D. Siegel, Practice Commentaries, McKinney's Cons Laws of N.Y., Book 7B, CPLR C3211:10 at 22). As a general rule, affidavits are not documentary evidence within the scope of CPLR § 3211(a). *See, e.g. Fontanetta v. John Doe*, 73 A.D.3d at 87, *citing Tsimerman v. Janoff*, 40 A.D.3d 242 (N.Y. App. Div. 1st Dept. 2007) ("These affidavits, which do no more than assert the inaccuracy of plaintiffs' allegations, may not be considered, in the context of a motion to dismiss, for the purpose of determining whether there is evidentiary support for the complaint"); *Art & Fashion Group Corp. v. Cyclops Prod., Inc.*, 120 A.D.3d 436 (1st Dept, 2014) (citing same). "While affidavits may be considered … they are generally intended to remedy pleading defects and not to offer evidentiary support for properly pleaded claims." *Nonnon v. City of New York*, 9

155971/2022  LARA, HEATHER vs. TUTOR PERINI CORPORATION ET AL
Motion No. 001

Page 5 of 18

5 of 18

N.Y.3d 825, 827 (N.Y. 2007), *citing Rovello v Orofino Realty Co.*, 40 N.Y.2d 633, 635-636 (N.Y. 1979).

"According to well-established rules of contract interpretation, when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms." *Ashwood Capital, Inc. v. OTG Management, Inc.*, 948 N.Y.S.2d 292, 297 (N.Y. App. Div. 1st Dept. 2012), *citing W.W.W. Assocs v. Giancontieri*, 77 N.Y.2D 157, 162 (N.Y. 1990). In cases where commercial contracts are negotiated at arm's length by sophisticated businesspeople, "courts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include." *Ashwood Capital, Inc.*, 948 N.Y.S.2d at 297, *citing Vermont Teddy Bear Co. v. 538 Madison Realty Co.*, 1 N.Y.3d 470, 475 (N.Y. 2004). "Construction of an unambiguous contract is a matter of law, and the intention of the parties may be gathered from the four corners of the instrument and should be enforced according to its terms." *Beal Sav. Bank v. Sommer*, 8 N.Y.2d at 324 (internal citations omitted). "The best evidence of what parties to a written agreement intend is what they say in their writing." *Slamow v. Del Col*, 79 B.Y.2d 1016, 1018 (N.Y. 1992). "Unambiguous contracts that can be interpreted only in one manner may be the basis for a dismissal pursuant to CPLR 3211(a)(1)." *Farage v. Associated Ins. Mgmt. Corp.*, 2024 N.Y. Slip Op. 5875 (N.Y. 2024), *quoting Goldman v. Metropolitan Life*, 5 N.Y.3d 561, 571 (N.Y. 2005) (holding that the Appellate Division properly held that the contracts could only be interpreted to grant dismissal).

When raising questions of standing under CPLR § 3211(a)(3), the burden is on the movant to establish, prima facie, the plaintiff's lack of standing as a matter of law. *Wilmington Sav. Fund Soc'y v. Matamoro*, 200 A.D.3d 79, 90 (N.Y. App. Div. 2nd Dept. 2021); *see also Brunner v. Estate of Lax*, 137 A.D.3d 553 (N.Y. App. Div. 1st Dept. 2016). "To defeat a defendant's motion to dismiss, the plaintiff has no burden of establishing its standing as a matter of law, but must merely raise a question of fact as

**155971/2022  LARA, HEATHER vs. TUTOR PERINI CORPORATION ET AL**                    **Page 6 of 18**
Motion No.  001

[* 6]                                             6 of 18

to the issue." *Wilmington Sav. Fund Soc'y v. Matamoro*, 200 A.D.3d 79, 90 (N.Y. App. Div. 1st Dept. 2021). "A non-party to a contract governed by New York law lacks standing to enforce the agreement in the absence of terms that 'clearly evidence an intent to permit enforcement by the third party' in question." *Rynasko v. N.Y. Univ.*, 63 F.4th 186, 194 (2d Cir. 2023) (directly addressing New York law), *citing Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (*quoting Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.*, 66 N.Y.2d 38, 45, [1985]).

A CPLR 3211(a)(7) motion may be used to "dispose of an action in which the plaintiff identified a cognizable cause of action but failed to assert a material allegation necessary to support the cause of action." *Basis Yield Alpha Fund v. Goldman Sachs Grp., Inc.*, 980 N.Y.S.2d 21, 26 (N.Y. App. Div. 1st Dept. 2014), *citing Rovello v. Orofino Realty Co.*, 40 N.Y.2d 633, 635-636 (N.Y. 1976); *see also Board of Managers of Fairways at N. Hills Condominiums v. Fairways at N. Hills*, 150 A.D.2d 32 (N.Y. App. Div. 2nd Dept. 1989). As with CPLR 3211(a)(1), the Court must "accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." *Connaughton v. Chipotle Mexican Grill, Inc.*, 29 N.Y.3d 137, 141 (N.Y. 2017), *citing Leon v. Martinez*, 84 N.Y.2d at 87-88. "At the same time, however, allegations consisting of bare legal conclusions ... are not entitled to any such consideration." *Id.*, *citing Simkin v. Blank*, 19 N.Y.3d 46, 52 (N.Y. 2012); *see also Ikezi v. 82nd St. Academics*, 221 A.D.3d 986, 988 (N.Y. App. Div. 2nd Dept. 2023) (Affirming dismissal where "bare and conclusory allegations failed to identify any specific misrepresentation of material present fact made by any defendant"). On a motion brought under this subsection, the court ultimately must determine whether the pleading party has a cause of action based on the facts alleged, and not whether they have stated one. *Leon v. Martinez*, 84 N.Y.2d at 88, *citing Rovello v. Orofino Realty Co.*, 40 N.Y.2d 633, 635-636 (N.Y. 1976); *see also Sokol v. Leader*, 74 A.D.3d 1180 (2d Dept 2010). As such, dismissal under

155971/2022 LARA, HEATHER vs. TUTOR PERINI CORPORATION ET AL
Motion No. 001

Page 7 of 18

7 of 18

CPLR § 3211(a)(7) is warranted only if the plaintiff "failed to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Audthan LLC v. Nick & Duke, LLC*, 2024 N.Y. Slip Op. 2223, (N.Y. 2024), *citing Connaughton v Chipotle Mexican Grill, Inc.*, 29 N.Y.3d 137, 141 (2017).

As a threshold matter, Third-Party Plaintiffs argued that the motion to dismiss is premature, as no depositions had been held and they "have yet to uncover the facts and circumstances leading up to or contributing to Lara's incident." (NYSCEF Doc. No. 47 ¶10).

Third-Party Plaintiffs further argued that they are "entitled to examine whether MEDCOR's professional negligence, errors or omissions including its supervision or lack thereof of its employee occasioned Lara's incident." Id. Third-Party Plaintiffs rely primarily on a Second Department Appellate Division case to support their argument that the instant motion should be denied because they are entitled to discovery (NYSCEF Doc. No. 47 ¶ 17). *James v. Aircraft Serv. Intl Group*, 84 AD.3d 1026, 1027 (2d Dept, 2011) (affirming "under the circumstances of this case" an order denying a motion for summary judgment to dismiss until after completion of discovery pursuant to CPLR 3212[f]). However, the circumstances of the *James* case can be distinguished from the instant matter: the motion before this Court was formally made as a motion to dismiss pursuant to CPLR 3211, not a motion for summary judgment pursuant to CPLR 3212 (NYSCEF Doc. No. 38).

While the Court must "determine only whether the facts as alleged fit within any cognizable legal theory" when adjudicating a CPLR 3211 motion, per *Leon v. Martinez*, 784 N.Y.2d at 87-88, a CPLR 3212 motion for summary judgment "seeks a determination that there are no material issues of fact for trial" and "assumes a complete evidentiary record." *Nonnon v. City of New York*, 9 N.Y.3d 825, 827 (N.Y. 2007) (refusing to convert motion where plaintiffs suggest that "they have not had the opportunity to submit all of their evidence relevant to a determination of causation"). A court may

155971/2022 LARA, HEATHER vs. TUTOR PERINI CORPORATION ET AL
Motion No. 001

Page 8 of 18

[* 8]

8 of 18

convert a CPLR 3211 motion to a CPLR 3212 motion "after adequate notice to the parties," (CPLR 3212[c]), but such conversion is inappropriate "where a motion for summary judgment would be premature" due to an incomplete factual record. *Russo v. Crisona*, 219 A.D.3d 920, 921 (N.Y. App. Div. 2nd Dept. 2023), *citing Menche v. CDx Diagnostics, Inc.*, 199 A.D.3d 678; *see also* CPLR 3212(f). Judicial conversion of a CPLR 3211 motion into a CPLR 3212 motion is only appropriate where the parties are "put on notice of their obligation to make a complete record and to come forward with any evidence that could possibly be considered." *See Nonnon*, 9 N.Y.3d at 827; *see also Russo v. Crisona*, 219 A.D.3D at 921-922.

The Court recognizes that many arguments made by both parties relied on the conflation of CPLR 3211 and CPLR 3212. For example, the Third-Party Defendant relied on *Espinal v. Melville Snow Contractors, Inc.*, 98 N.Y.2d 136 (N.Y. 2002) to argue that the claim for contractual indemnification must be dismissed (NYSCEF Doc. No. 39) and Third-Party Plaintiff cited numerous cases arguing specifically against a grant of summary judgment (NYSCEF Doc. No. 47 ¶¶ 13-16). Nevertheless, the pre-Answer motion was initially filed under CPLR § 3211 and, as Third-Party Plaintiffs repeatedly argue, no discovery has been exchanged. Based on these factors the Court will not *sua sponte* convert the instant motion to a summary judgment one. The Court will thereby limit its analysis to CPLR § 3211 and consider only whether the Third-Party Plaintiff properly pled its claims against Third-Party Defendant.

Movant produced a copy of an Affidavit signed by Bennet W. Petersen, Chief Operating Officer of Medcor, Inc. (NYSCEF Doc. No. 40). As Affidavits are not considered "documentary evidence" within the scope of a CPLR § 3211(a) motion to dismiss, the Court will not consider it at length beyond its purpose as a vehicle to introduce documentary evidence to the Court for the purposes of this motion:

> On a motion, the only possible way that documentary evidence can be submitted to the court is by way of affidavit. Thus, an affidavit from an individual, even if the person has no personal

[* 9]

knowledge of the facts, may properly serve as the vehicle for the submission of acceptable attachments which provide evidentiary proof in admissible form, like documentary evidence. In such situations, the affidavit itself is not considered evidence; it merely serves as a vehicle to introduce documentary evidence to the court. *Basis Yield Alpha Fund v. Goldman Sachs Grp., Inc.*, 980 N.Y.S.2d 21, 27 n.4 (N.Y. App. Div. 2014).

Both the Third-Party Plaintiffs and the Third-Party Defendant produced functionally identical copies of the Agreement between Medcor and Willis. (NYSCEF Doc. Nos. 36, 41). Both parties asserted that the Agreement as presented was in effect as of the time of Plaintiff's alleged injuries. (NYSCEF Doc. No. 33 ¶24; NYSCEF Doc. No. 43 ¶9-10). As such, the Court will accept for the purposes of this Motion that the Agreement before it was in effect and will proceed with interpreting the plain text to determine the intent of the parties involved.

Among other provisions, the Agreement identifies Medcor's role and scope of work at ¶2, <u>Role of "Vendor"</u>, which states that the Agreement is for Medcor to "provide the services and maintain the fees" that were outlined in a previous document and identified "as described on Schedule A herein." The Agreement further contains a clause titled <u>Indemnification</u> at ¶7, which states in most relevant part:

> Notwithstanding anything to the contrary herein, The "Vendor" shall defend, indemnify and hold harmless Willis of New York, Inc. ("Willis"), the Metropolitan Transportation Authority ("Client") . . . and all other parties involved in the East Side Access Project, and their respective officers, agents and employees from any claim, suits, loss or liability by reason of any damage to property or bodily injury of death to any person, whatsoever, arising out of or in connection with "Vendor's" breach of this contract except damages arising from the negligence of "Willis", the "Client" and other parties to the Project.
> "Vendor", shall further defend, indemnify and hold harmless "Willis", "Client" . . . and other parties involved in the Project and their respective officers, agents and employees from and against any and all claims, suits, loss, cost and liabilities of every description brought against any of them or suffered by any of them and arising out of any professional negligence or errors, or omissions of the "Vendor", pertaining to services by the "Vendor" performed pursuant to this Contract.

The Agreement also contains an Insurance clause at ¶8, which states that Medcor is obligated "[a]t its sole cost and expense" to "procure and maintain during the entire period of work covered hereunder" Workers' Compensation insurance, Commercial General Liability, Property Damage Liability, and

**155971/2022 LARA, HEATHER vs. TUTOR PERINI CORPORATION ET AL**
**Motion No. 001**                                                              **Page 10 of 18**

10 of 18

[* 10]

Malpractice/Errors and Omission Protection. That clause specifies that these insurances "must be written in a form and written by an insurer satisfactory to Willis" and that Medcor "shall furnish evidence to Willis" of those coverages. Neither this section nor any other section of the Agreement addresses naming any entity as an "additional insured". Further, the Agreement further states in a "General" clause at ¶11 that "This Agreement may not be changed or modified except in writing signed by both parties" and that "This Agreement replaces and supersedes all previous agreements, written or oral, which may have existed between the parties. It constitutes the full agreement of the parties." Finally, a Schedule "A" is affixed to the Agreement which identifies the scope of Medcor's work, which specifies inter alia that Medcor is responsible for "for the life of the project" a variety of services (subsection 4), as well as the following item: "e. Support project management with occupational safety as requested." There is also an annexed Vendor Agreement Extension which expands the scope of Medcor's contracted-for medical and related services to the Grand Central Station location at which First-Party Plaintiff was allegedly injured.

Finally, Movant produced a document purporting to be the Medcor Incident Report for First-Party Plaintiff's alleged injury. (NYSCEF Doc. No. 42). The Incident Report identifies First-Party Plaintiff by name and contains other redacted Personally Identifying Information. Therein, First-Party Plaintiff's injury is described as having been caused by a "Slip/Fall/Trip" occurring at 21:45 ET on August 18, 2021. The Incident Report does not state where the alleged incident occurred. No witnesses were identified. The Incident Report is noted to have been printed on August 18, 2021, at 23:50 CST. The Incident Report does not bear a signature nor name the individual who completed the report. In most relevant part, the Incident Report states that the First-Party Plaintiff "alleged about 2 hours and 40 minutes ago she was walking to the safety office underground on uneven ground when she lost her

155971/2022 LARA, HEATHER vs. TUTOR PERINI CORPORATION ET AL
Motion No. 001

Page 11 of 18

[* 11]

11 of 18

balance and fell." The Incident Report continues to describe First-Party Plaintiff's alleged injuries and the immediate medical consequences thereof.

Third-Party Plaintiffs plead a cause of action against Third-Party Defendant Medcor for contractual indemnification. The Third-Party Complaint alleged that "any and all damages and/or injuries sustained by [First-Party] Plaintiff were caused by the recklessness, carelessness, negligence or other culpability of MEDCOR, and/or their agents, servants, and/or employees in the supervision and control of their worksite and/or employees contributing thereto" (NYSCEF Doc. No. 33 ¶34) and that "[First-Party] Plaintiff's damages, if any, resulted from and/or arose out of MEDCOR's performance of the work that is the subject of the MEDCOR contract." (Id. at ¶35). Third-Party Defendant argued that Medcor's indemnification obligations under the Agreement could have only been triggered by either a breach of contract or by professional negligence by Medcor. Movant alleged that no such breach nor negligence occurred and, relying on the Petersen Affidavit, argued that no breach of contract nor professional negligence could have contributed to First-Party Plaintiff's injury, because Medcor's scope of work did not include any responsibility for the construction or maintenance of the area in which First-Party Plaintiff allegedly fell. (NYSCEF Doc. Nos. 39 p.7-8, 40 ¶¶15-17).

"A contract to indemnify against liability is breached the moment the liability is imposed and a cause of action arises because of the fact of the breach." *755 Seventh Ave. Corp. v. Carroll*, 266 N.Y. 157, 161 (N.Y. 1935). Contractual indemnification provisions must be read narrowly by the Court. *See Cahn v. Ward Trucking, Inc.*, 101 A.D.3d 458, 459 (N.Y. App. Div. 1st Dept. 2012) ("a properly strict reading of the indemnity clause bars a finding" where indemnity was limited on its face to losses arising from the use of defendant's materials and equipment). "It is well-settled that to establish a claim of negligence, a plaintiff must prove: a duty owed to the plaintiff by the defendant, a breach of that duty, and injury proximately resulting therefrom." *The Moore Charitable Found. v. PJT Partners*, 40 N.Y.3d

[* 12]

150, 156 (N.Y. 2023), *citing Pasternack v. Laboratory Corp. of Am. Holdings*, 27 N.Y.3d 817, 825 (N.Y. 2016). "[A]bsent a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm . . . courts first must determine whether defendants owed a duty to plaintiffs." *Id.* at 160-161.

Based on the documentary evidence before the Court and giving Third-Party Plaintiffs' allegations the benefit of every possible inference, it appears that Medcor and Willis did enter into a contract which identified the Tutor Perini Defendants as third-party beneficiaries. Specifically, the Indemnification clause specifies that Medcor will defend, indemnify, and hold harmless "all other parties involved in the East Side Access Project, and their respective officers, agents and employees." The Third-Party Plaintiffs allege that they are parties involved in the East Side Access Project and are thus included in this provision. As such, it is this Court's opinion that Movant's arguments that the claim for contractual indemnification must be dismissed pursuant to CPLR § 3211(a)(3) on the grounds that Third-Party Plaintiffs lack standing must be rejected.

It is also clear to the Court that the Indemnification clause is specifically limited to matters "arising out of or in connection with [Medcor's] breach of this contract" and to matters "arising out of any professional negligence or errors, or omissions of [Medcor] pertaining to services by [Medcor] performed pursuant to this contract. As such, according to the Court's plain reading of the Agreement, Medcor did consent to indemnify the Tutor Perini Defendants for all injuries, costs, and damages arising strictly from either Medcor's own breach of the Agreement or from any professional negligence, acts or omissions by Medcor pertaining to Medcor's obligations under that Agreement.

As such, the Court must grant Medcor's motion to dismiss this claim under CPLR § 3211(a)(1) and 3211(a)(7). Third-Party Plaintiffs made only bare and conclusory allegations that Medcor committed some form of professional negligence "in the supervision and control of their worksite and/or

155971/2022  LARA, HEATHER vs. TUTOR PERINI CORPORATION ET AL                    Page 13 of 18
Motion No. 001

13 of 18

employees" and that First-Party Plaintiff's alleged injuries "resulted from and/or arose out of Medcor's performance of the work that is the subject of the MEDCOR contract." They failed in their pleading or in their motion papers to allege any facts as to what acts or omissions Medcor may have committed which could have conceivably drawn a line from a duty of Medcor to the First-Party Plaintiff's injuries. A mere appeal to a theoretical "supervision or lack thereof of its employee" which may have "occasioned" First-Party Plaintiff's alleged injuries is bare, indicative of a fishing expedition, and inadequate to support a claim that Medcor committed professional negligence within the context of the documentary evidence before the Court. The Court is convinced by Movant's argument that the Agreement text precludes that possibility, as Schedule A of the Agreement limited Medcor's scope of work to various medical services and related activities.[1]

Third-Party Plaintiff also argued, in effect, that there may have been verbal or nonverbal agreements which postdate and therefore supercede the contract (that there are "ebbs and flows" that "cannot be found in contracts", which arise as contractors on a construction site "work together and against one another on issues of access, materials, timing," and "need to be fleshed out and explored in depositions" also fails for the same reason. (NYSCEF Doc. No. 47 ¶17). Moreover, that latter argument is particularly unavailing, as the Agreement before the Court explicitly precludes contractual liability for any such non-verbal understandings (Agreement section 11 ¶¶b, c). As a matter of strict contractual interpretation there is no mechanism for any worksite "ebbs and flows" that "cannot be found in contracts" to impact the meaning or applicability of this Agreement.

---

[1] The Court does recognize that the Agreement includes within Medcor's scope of work the directive to "Support project management with occupational safety as requested." However, the Court's role when ruling on a CPLR 3211 motion to dismiss is to "determine only whether the facts as alleged fit within any cognizable legal theory", and not to speculate potential factual allegations on Plaintiffs' behalf. *Leon v. Martinez*, 784 N.Y.2d at 87-88, et seq. As Third-Party Plaintiffs failed to make any specific factual allegations with which the Court may grant the benefit of every possible inference, the Court does not see fit to deny a motion to dismiss on the basis of this provision alone.

155971/2022   LARA, HEATHER vs. TUTOR PERINI CORPORATION ET AL                Page 14 of 18
Motion No. 001

"To sustain a third-party cause of action for contribution, a third-party plaintiff is required to show that the third-party defendant owed it a duty of reasonable care independent of its contractual obligations, or that a duty was owed to the plaintiffs as injured parties and that a breach of that duty contributed to the alleged injuries". *Guerra v. St. Catherine of Sienna*, 79 A.D.3d 808, 809 [2d Dept 2010]).

"A party seeking contribution must show that the third-party defendant from whom contribution is sought owes a duty either to him or to the injured party and that a breach of this duty has contributed to the alleged injuries." *Red v. Lam Platt St. Hotel*, 19-cv-4992 (LJL), 13-14 (S.D.N.Y. Apr. 28, 2022), *citing Nassau Roofing & Sheet Metal Co. v. Facilities Dev. Corp.*, 509 N.Y.S.2d 177, 178 (3d Dep't 1986) *aff'd* 523 N.E.2d 803 (N.Y. 1988); *see also Morris v. Home Depot USA*, 59 N.Y.S.3d 92, 95 (2d Dep't 2017); *see also Garrett v. Holiday Inns, Inc.*, 447 N.E.2d 717, 721 (N.Y. 1983) ("If an independent obligation can be found on the part of a concurrent wrongdoer to prevent foreseeable harm, he should be held responsible for the portion of the damage attributable to his negligence, despite the fact that the duty violated was not one owing directly to the injured person."); *O'Gara v. Alacci*, 887 N.Y.S.2d 106, 109 (2d Dep't 2009) ("[I]t has been recognized that a party's liability for contribution can also flow from a breach of an independent duty owed to the defendant, provided that the breach of this duty played a part in causing or augmenting the injury for which the defendant seeks contribution.").

In its Third-Party Complaint, Third-Party Plaintiffs made conclusory allegations that "the facts and conditions set forth in those [First-Party Plaintiff's] allegations were brought about in whole or in party by the negligence, wrongful or culpable conduct, acts, and/or omissions" of Third-Party Defendant. (NYSCEF Doc. No. 33 ¶38). In their Affirmation in Opposition, Third-Party Plaintiffs likewise did not make specific allegations of fact as to what Third-Party Plaintiff's acts or omissions were or what duty the Third-Party Defendant may have breached thereby. As such, the Court grants the

155971/2022  LARA, HEATHER vs. TUTOR PERINI CORPORATION ET AL
Motion No. 001

Page 15 of 18

[* 15]

15 of 18

motion to dismiss pursuant to CPLR 3211(a)(7). The Court hereby declines to address the arguments concerning Workers Compensation Law § 11.

Third-Party Plaintiff pleaded a cause of action for common-law indemnification and asserted again that "the facts and conditions set forth in [First-Party Plaintiff's] allegations were brought about by the negligence, wrongful or culpable conduct, acts and/or omissions" of Third-Party Defendant and that any recovery by First-Party Plaintiff "would be caused by operation of law and without any negligence or culpable conduct on the part of Defendants/Third-Party Plaintiffs." (NYSCEF Doc. No. 33 ¶41.

Common-law indemnification may only be imposed against parties who are either actively at fault or who exercised actual supervision over the work which gave rise to the alleged injury. *McCarthy v. Turner Constr., Inc.*, 17 NY3d 369, 929 NYS2d 556 [2011]. Where the record shows that a party was not actively at fault in bringing about the plaintiff's injury, claims for common-law indemnification must be dismissed. *Cahn v. Ward Trucking, Inc.*, 101 A.D.3d 458, (N.Y. App. Div. 1st Dept. 2012), *citing McCarthy v. Turner Constr., Inc.*, 17 N.Y.3d at 375. A cause of action for common-law indemnification requires a finding of a "grave injury" within the meaning of Workers' Compensation Law ("WCL") § 11. *Mcglinchey v. Vassar Coll.*, 88 A.D.3d 626, 627 (N.Y. App. Div. 1st Dept. 2011), *citing Castro v. United Container Mach. Group*, 96 N.Y.2d 398, 401-402 (N.Y. 2001).

The Court grants the motion to dismiss this claim pursuant to CPLR 3211(a)(1) and (a)(7). Third-Party Plaintiffs' allegations are bare and conclusory, and so cannot be sustained. As the evidentiary submissions before the Court demonstrate that the First-Party Plaintiff was allegedly injured due to dangerous or defective condition at the Project, and that the Third-Party Defendant did have a contractual obligation under the Agreement to supervise or control the area in which the First-Party Plaintiff may have been injured, Movant is entitled to dismissal. The Court is convinced by Third-Party Defendant's argument that the Agreement as written does not include any duties which could have

**155971/2022  LARA, HEATHER vs. TUTOR PERINI CORPORATION ET AL**
**Motion No. 001**

**Page 16 of 18**

16 of 18

included "supervision over the work which gave rise to the alleged injury," since there was no contractual obligation for Medcor to supervise any work being done in the areas wherein First-Party Plaintiff was allegedly injured. Consequently, this Court declines to reach the question of whether First-Party Plaintiff had suffered a "grave injury" within the meaning of Workers' Compensation Law § 11.

Third-Party Plaintiff pleaded a fourth cause of action for breach of contract and asserted that the Agreement obligated Medcor to name the Tutor Perini Defendants as additional insured on its required insurance policies (NYSCEF Doc. No. 33 ¶45). Third-Party Plaintiff also alleged that Third-Party Defendant "failed to obtained [sic] the required insurance coverage, failed to name the correct parties as additional insureds, failed to have its policy provide that it is primary to any coverage maintained by Defendants/Third-Party Plaintiffs or any additional insureds, failed to submit certificates of insurance to Defendants/Third-Party Plaintiffs prior to the commencement of its work, and/or failed to notify its insurance carrier(s) of Plaintiff's alleged accident." (NYSCEF Doc. No. 33 ¶46). Movant argued that it did procure the contracted-for insurance and that the claims involved did not arise out of Medcor's work, and that Third-Party Plaintiff's other allegations in this claim were not based in the Agreement. After review of the Agreement and giving Third-Party Plaintiffs' allegations the benefit of every possible inference, the Court must grant Movant's motion to dismiss this cause of action.

"The elements of a breach of contract claim are (1) the existence of a contract, (2) the plaintiff's performance, (3) the defendant's breach, and (4) resulting damages." *Alloy Advisory, LLC v. 503 W. 33RD St. Assocs.*, 2021 N.Y. Slip Op. 3520, (N.Y. App. Div. 2021) A third-party may sue for breach of contract only if they are an intended beneficiary and only if the contracting parties' intent to benefit the third-party is apparent from the face of the contract. *LaSalle National Bank v. Ernst Young*, 285 A.D.2d 101, 108 (N.Y. App. Div. 1st Dept. 2001).

**155971/2022 LARA, HEATHER vs. TUTOR PERINI CORPORATION ET AL**
**Motion No. 001**

**Page 17 of 18**

17 of 18

It is undisputed that the Agreement before the Court constituted a contract. As articulated above, it is the Court's opinion that the Third-Party Plaintiffs are among the intended third-party beneficiaries of the Agreement and therefore have the presumptive right to sue for an alleged breach. However, the Agreement as presented does not contain any provisions with which the Third-Party Plaintiff could justify a cause of action for breach based on the facts alleged. Pursuant to the Agreement, Medcor was not obligated to identify any entity as an additional insured on any of its insurance policies. To the extent that Medcor was obligated to furnish Willis Certificates of Insurance or other evidence of its insurance, this obligation does not extend to the Tutor Perini Defendants as outlined within the four corners of the Agreement. Moreover, the Court is here convinced by Movant's argument that there is no nexus between any potential breach of this Agreement and the Third-Party Plaintiff's potential liability to First-Party Plaintiff.

The Court declines to deem the Third-Party Complaint frivolous and so denies Movant's request for attorneys' costs and fees, and for sanctions.

This constitutes the decision and order of the Court.

| 1/7/2025 | | | | |
|---|---|---|---|---|
| DATE | | | James d'Auguste, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | | X NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | X GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**155971/2022   LARA, HEATHER vs. TUTOR PERINI CORPORATION ET AL**
**Motion No. 001**

**Page 18 of 18**

18 of 18