Engel v Smith (2025 NY Slip Op 50393(U))

[*1]

Engel v Smith

2025 NY Slip Op 50393(U)

Decided on March 27, 2025

Supreme Court, Schenectady County

Buchanan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 27, 2025
Supreme Court, Schenectady County

Paul Engel and Kristen Ferraro, Plaintiffs,

against
James M. Smith, Stacey Mercier Smith and C&F Septic Services, Inc., Defendants.

Index No. 2024-641

For Plaintiff: Javid Afzali, Esq.
For Defendant: Frank M. Putorti, Esq.

Thomas D. Buchanan, J.

This matter comes before the Court on the motion of defendant C&F Septic Services, Inc. seeking an order dismissing the Complaint as against it pursuant to CPLR 3211(a)(1) & (a)(7). Plaintiff has opposed the motion. This action arises from certain repairs performed on the septic system at a residence purchased by Plaintiffs from defendants James and Stacey Smith. The Complaint contains four causes of action. The claim against defendant C&F is found in the Fourth Cause of Action sounding in breach of contract.
Plaintiffs first assert that defendant C&F has waived its ability to move to dismiss under §3211(a)(1). Subdivision (e) of §3211 provides that any objection or defense based on several grounds listed §3211(a), including (a)(1), are waived unless raised either by motion brought before service of a responsive pleading is required or in the responsive pleading. C&F filed and served its Answer & Crossclaims on June 27, 2024, which includes nineteen affirmative defenses and a cross-claim. Plaintiffs assert that a defense based on documentary evidence is not found in the Answer.
The argument asserted by C&F on this motion as being based on documentary evidence is the same argument alleged in the Answer; i.e., that C&F was not hired to replace the septic system as alleged in the Complaint. C&F points to a Receipt imprinted with its name and made out to defendant James Smith for installation of 120 feet of leach field piping and a concrete distribution box. This receipt is actually an exhibit to the Complaint. A defense must be pled with sufficient particularity to give the court and the parties notice of the transactions or occurrences intended to be proven and the material elements of the defense (CPLR 3013). The allegations of fact found in C&F's Thirteenth, Fourteenth and Fifteenth defenses are indeed sufficient to apprise the Court and the parties of C&F's argument that it was not hired to replace [*2]the septic system. They do not, however, plead the elements of a defense based on documentary evidence.
A defense based on documentary evidence requires a document that is unambiguous, is of undeniable authenticity and the contents of which are essentially undeniable (Fontanetta v. John Doe 1, 73 AD3d 78 [2d Dept 2010]). The receipt asserted by C&F is unambiguous and, having been offered by Plaintiffs, its authenticity and contents are admitted. However, to provide a basis for dismissal, the documentary evidence must conclusively establish a defense to the action (see Spoleta Constr., LLC v. Aspen Ins. UK /Ltd., 27 NY3d 933 [2016]). The Receipt establishes only what is on its face, which is the services for which C&F billed the Smith defendants. The inferences offered by C&F as to the cost of a complete septic replacement based on later estimates from another contractor might indeed be logical, but they are inferences, nonetheless. It is also worth noting that the Complaint alleges that C&F was hired "for the purpose of repairing or installing a septic system at the Property [emphasis added]." More importantly, however, the terms of the agreement between the Smiths and C&F simply are not found in the Complaint, the Answer or the exhibits. To succeed in proving its argument, C&F will need to obtain evidence of those terms. The C&F motion under Rule 3211(a)(1) fails.
Both sides point to the classic statement of the standard for deciding a Rule 3211(a)(7) motion, that the Court must accept the facts alleged in the Complaint as true, accord Plaintiff the benefit of every possible favorable inference and determine only whether the allegations in the Complaint fit within a cognizable legal theory (Leon v. Martinez, 84 NY2d 83, 88 [1994]). The elements of a claim for third-party beneficiary rights under a contract are (1) the existence of a valid and binding contract between other parties, (2) the intent that the contract benefit the third party, and (3) an immediate, rather than incidental, benefit accruing to the third party indicating the assumption by the contracting parties of a duty to compensate the third party if the benefit is lost (see e.g. Mendel v. Henry Phipps Plaza West, Inc., 6 NY3d 783 [2006]).
The Fourth Cause of Action in the Complaint alleges these elements: a contract between the Smiths and C&F, a benefit to Plaintiffs as purchasers of a repaired or replaced septic system, and the immediacy of that benefit. The Smiths' need to provide a working septic system to Plaintiffs was what brought about the contract between the Smiths and C&F. While C&F asserts Plaintiffs' inability to prove these elements, that is not the inquiry on this motion. Assuming the truth of the allegations in the Complaint and giving Plaintiffs the benefit of every favorable inference, the Complaint states a cause of action for breach of contract in favor of Plaintiffs and against C&F.
While not specifically argued by the parties, it is worth noting that if the Court were to deem C&F's Rule 3211(a)(7) motion as offering extrinsic evidence (the exhibits annexed to the Complaint) the outcome of this motion would remain the same. While a dismissal motion based on extrinsic evidence can remove the presumption that the facts alleged in the Complaint are true, the movant must nonetheless establish conclusively that the plaintiff has no cause of action (see e.g. Langley v. Melville Fire Dist., 213 AD3d 748 [2d Dept 2023]). Without evidence of the terms of the agreement between the Smiths and C&F, that showing cannot be made here. The C&F motion under CPLR 3211(a)(7) fails.
Given the inability of C&F to prevail on its dismissal motion, C&F's assertion that Plaintiffs are subject to sanction for frivolous conduct 22 NYCRR §130-1.1(c) must fail as well. The parties' remaining arguments have been considered, but do not affect the outcome of this motion.
Therefore, in consideration of the foregoing, it is hereby
ORDERED, that the motion by defendant C&F Septic Services, Inc. seeking dismissal of the Complaint and sanctions against Plaintiffs is denied.
Dated: March 27, 2025
ENTER.
Thomas D. Buchanan
Supreme Court Justice
Papers considered:
Notice of Motion; Affirmation of Frank M. Putorti, Jr., Esq., with annexed exhibit; Affirmation of Javid Afzali, Esq.