De Perez v Fordham Valentine Assoc. LLC (2026 NY Slip Op 01594)

De Perez v Fordham Valentine Assoc. LLC

2026 NY Slip Op 01594

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Moulton, J.P., Friedman, Gesmer, O'Neill Levy, Chan, JJ. 

Index No. 817049/22|Appeal No. 6162|Case No. 2024-06289|

[*1]Nelly De Perez, Plaintiff-Respondent,
vFordham Valentine Associates LLC, Defendant-Respondent, City of New York et al., Defendants, Pav-Lak Contracting Inc., Defendant-Appellant.

O'Toole Scrivo. LLC, New York (Larry C. Green of counsel), for appellant.
Omrani & Taub, P.C., New York (James L. Forde of counsel), for Nelly De Perez, respondent.

Order, Supreme Court, Bronx County (Mitchel J. Danziger, J.), entered on or about September 26, 2024, which, to the extent appealed from, denied defendant Pav-Lak Contracting Inc.'s motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint and all cross-claims as against it, unanimously affirmed, without costs.
In this negligence action involving a trip and fall on a sidewalk, the motion court properly determined that daily logs with photographs relied upon by defendant, a contractor hired to perform construction work at the premises, failed to demonstrate that it did not perform any work on the sidewalk before plaintiff's accident. Accordingly, the documentary evidence did not conclusively establish a defense to plaintiff's asserted claims as a matter of law (see Spoleta Constr., LLC v Aspen Ins. UK Ltd., 27 NY3d 933, 936 [2016]).
In any event, plaintiff raised an issue of fact in opposition to the motion by submitting evidence that, approximately two months before plaintiff's accident, defendant received a violation from the New York City Department of Transportation for maintaining a plywood fence on the sidewalk without a permit. Therefore, at this juncture, an issue of fact exists as to whether defendant may have launched a force or instrument of harm that caused plaintiff's accident (see Espinal v Melville Snow Contractors, Inc., 98 NY2d 136, 140 [2002]).
We reject defendant's request for sanctions because plaintiff's claims cannot be deemed frivolous. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026